James Charles Lawhorn was convicted of capital murder in the Circuit Court of Talladega County and was sentenced to death. In a unanimous decision, the Court of Criminal Appeals affirmed Lawhorn's conviction and sentence. See Lawhorn v. State,581 So.2d 1159 (Ala.Crim.App. 1990), for a detailed statement of the pertinent facts. We affirm.
The Court of Criminal Appeals correctly resolved the nine issues discussed in its opinion. It is necessary for this Court to write to only one of the nine issues addressed in Presiding Judge Patterson's thorough and well-reasoned opinion — whether the trial court appropriately considered mitigating and aggravating circumstances during the sentencing phase of the trial.
In its findings of fact at the sentencing phase of the trial, the trial court properly tracked the requirements of Ala. Code 1975, § 13A-5-51 ("Mitigating circumstances — Generally"), and found an absence of mitigating circumstances. The trial court also stated the following:
 "Under Section 13A-5-52 ['Mitigating circumstances — Inclusion of defendant's character, record, etc.'] the Court has considered all of the relevant factors or lack of same set out therein which the Defendant offered as a basis for a sentence of Life Without Parole instead of Death, and all other relevant mitigating circumstances or the lack of same and finds as follows:
 "The defendant offered the testimony of four witnesses, and testified in his own behalf. The witnesses were:
 "1. Rhonda Peters, a juvenile probation officer from Tallapoosa County, Alabama.
 "2. Mr. Lawrence, Principal of Alexander City Jr. High School, in Alexander City, Alabama.
 "3. Debra Jones, a sister of the defendant, James Charles Lawhorn.
 "4. Shirley Hudson, the mother of the defendant, James Charles Lawhorn.
 "5. James Charles Lawhorn testified in his own behalf.
 "Thereafter the State presented one witness, Frank Lucas, the Circuit Clerk of Tallapoosa County, Alabama.
 "At the conclusion of the sentence hearing the jury returned a verdict recommending that the defendant be punished by death. The vote was 11 for Death and one for Life Without Parole.
 "The Court finds that the conduct of the Defendant, James Charles Lawhorn, constituted a brutal, aggravated, merciless, and intentional killing for hire of the victim, William Clarence Berry. The Court further finds that the recommendation of the jury as to the punishment to be imposed was fully justified by the facts and circumstances of the case, together with the process of weighing the aggravating and mitigating circumstances.
 "The Court further finds that the sentence of Death was not recommended by the jury under influence of passion, prejudice, or any arbitrary factor."
The testimony of the five above-mentioned witnesses was heard and weighed by the jury and by the trial court. See Lawhorn v.State, supra, 581 So.2d at 1177-78. Our scrutiny of that evidence of mitigating circumstances reveals nothing that outweighs the two statutory aggravating circumstances proven at trial — that the capital offense was committed for pecuniary gain and that the offense was especially heinous, atrocious, or cruel compared to other capital offenses. Accordingly, we cannot hold that the trial court or the jury erroneously weighed the evidence of mitigating and aggravating circumstances. See Beck v. State, 396 So.2d 645 (Ala. 1980).
Lawhorn has raised here 13 additional issues that were not presented to the Court of Criminal Appeals. The State contends that we should not consider these issues because they were raised for the first time in this Court. Because we have the power to consider any issue in a capital case concerning the propriety of the conviction and death sentence, and, more importantly, because a man's life hangs in the balance, we have fully considered each of *Page 1181 
those 13 additional issues raised by Lawhorn. In addition, we have independently searched the record for error. After careful research of the applicable law and after our exhaustive search of the record for error, we can find no reversible error in the proceedings below. We do feel, however, that the following issue, which was among the 13 additional issues raised by Lawhorn in this Court, warrants further discussion: whether it was reversible error to allow two of the State's witnesses to sit at the counsel table for the State during trial. The two witnesses, Frank Wallis and Ann Wallace, testified against Lawhorn. In his opening statement, the prosecutor began:
 "Ladies and gentlemen, I introduced myself earlier. . . . I'll be trying the case with Rod Giddens seated here at the table with Sally Mitchell and Ann Wallace who work in my office, and Frankie Wallis who is the investigator with the Talladega County Sheriff's Department in this case."
Mr. Wallis was an investigator with the Talladega County Sheriff's Department. Alabama appellate courts have time and again refused to hold it an abuse of discretion on the part of a trial court to allow a sheriff, police chief, or similarly situated person who will later testify to remain in the courtroom during trial. See, e.g., Jackson v. State,502 So.2d 858 (Ala.Crim.App. 1986); Johnson v. State, 479 So.2d 1377
(Ala.Crim.App. 1985); Chesson v. State, 435 So.2d 177
(Ala.Crim.App. 1983), and authorities cited in those cases. Likewise, we find no abuse of discretion on the trial court's part in allowing Mr. Wallis to sit with the prosecutor during the trial in the present case.
Although the decision to exclude or not to exclude witnesses from the courtroom remains a matter of discretion for the trial court, Ex parte Faircloth, 471 So.2d 493 (Ala. 1985); Elrod v.State, 281 Ala. 331, 202 So.2d 539 (1967), in exercising that discretion, the trial court must seek to ensure that the prosecutor is not permitted to improperly influence the jury by injecting the integrity and prestige of his office and position into the trial of the case, so as to bolster the credibility of the State's evidence. See, e.g., Tarver v. State, 492 So.2d 328
(Ala.Crim.App. 1986); Waldrop v. State, 424 So.2d 1345
(Ala.Crim.App. 1982), appeal after remand, 462 So.2d 1021
(Ala.Crim.App. 1984), cert. denied, 472 U.S. 1019, 105 S.Ct. 3483,87 L.Ed.2d 618 (1985); Walker v. Davis, 840 F.2d 834 (11th Cir. 1988).
In the present case, Ms. Wallace, who was the prosecutor's secretary and trial coordinator, sat with the prosecutor during the trial and helped him to present the State's case. Serving in this capacity, Ms. Wallace was acting as an extension of the prosecutor himself and, under the rationale of the cases cited above, her presence at counsel's table might have constituted reversible error if her testimony had concerned a disputed factual matter that was material to Lawhorn's guilt or innocence. However, Ms. Wallace testified before the jury only as to the proper functioning of the tape recorder that was used to record Lawhorn's confession and as to the chain of custody of the tape. Lawhorn did not attempt to dispute that testimony; accordingly, Ms. Wallace's credibility was never an issue before the jury. After thoroughly reviewing Ms. Wallace's testimony, we conclude that the trial court did not abuse its discretion in allowing Ms. Wallace to remain in the courtroom, seated by the prosecutor. It is not necessary for us to decide whether reversible error would have occurred if Ms. Wallace had testified before the jury concerning a disputed factual matter that was material to the issue of Lawhorn's guilt or innocence. That issue is not before us.
We also note that on January 1, 1991, the new Alabama Rules of Professional Conduct became applicable. These rules govern the conduct of district attorneys. Brooks v. Alabama State Bar,574 So.2d 33 (Ala. 1990). Rule 5.3 broadens the scope of lawyer responsibility as it relates to nonlawyer assistants and provides, in pertinent part, as follows:
 "With respect to a nonlawyer employed or retained by or associated with a lawyer: *Page 1182 
". . . .
 "(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and
 "(c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer, if:
 "(1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or
 "(2) the lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action."
We need not decide what effect this rule may have on future proceedings. It had no effect on this case.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.