PER CURIAM.
Curtis Lee Henderson was charged with murder for hire, based on the death of Willie Edward Perkins, Alabama Code 1975, § 13A-5-40(a)(7). A jury found Henderson guilty of shooting Perkins with a pistol, after being hired by Cleveland Turner, Jr., who agreed to pay Henderson $2,000 to kill Perkins. The testimony revealed that Turner was having an affair with Perkins’s wife Christine and had given her money to go to Springfield, Ohio, where he planned to join her.
The jury returned an advisory verdict recommending punishment by death. A sentencing hearing was held, after which the trial court sentenced Henderson to death by electrocution.
Henderson, a black male, appealed his conviction to the Court of Criminal Appeals, alleging, among other things, that the prosecution had systematically used its peremptory strikes to exclude blacks from the jury. This was prior to this Court’s decision of Ex parte Branch, 526 So.2d 609 (Ala.1987). In Branch, this Court set out the guidelines for trial courts to follow in considering whether the prosecution’s reasons for its peremptory challenges of potential black jurors were race-neutral as required by Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although the trial court did not have the Branch opinion for guidance, the record reflects that it held a hearing, at which the prosecutor stated for the record the nature of the reasons for his strikes of black veni-repersons.
On appeal, the Court of Criminal Appeals heard oral argument on this issue. Because of the nature of some of the reasons given by the prosecutor for his strikes, the court remanded the cause to the trial court for a hearing pursuant to Ex parte Branch, supra. The trial court complied.
On return to remand, the Court of Criminal Appeals agreed with the trial court’s findings that the prosecutor had stated sufficiently race-neutral reasons for his peremptory strikes in accordance with Branch, supra, and Scales v. State, 539 So.2d 1074 (Ala.1988). The Court of Criminal Appeals affirmed as to the other issues raised by the defendant. However, pursuant to Ex parte Cochran, 500 So.2d 1179, 1187 (Ala.1985), the court remanded the cause for the trial court “to enter specific written findings as to whether Henderson’s I.Q. score constituted a non-statutory mitigating circumstance in this case.”
The trial court complied, holding that the Henderson’s IQ did not constitute a non-statutory mitigating circumstance in this case. On return to remand, the Court of Criminals Appeals reviewed the decision of the trial court and held: “In light of the evidence presented, the trial court properly found that the appellant’s intelligence quotient score of 68 was not a non-statutory mitigating circumstance.” 584 So.2d at 862 (1988). The Court of Criminal Appeals affirmed Henderson’s conviction.
We have granted certiorari review. Rule 39(c), A.R.App.P. Henderson points out to this Court that the Court of Criminal Appeals did not follow the mandates of § 13A-5-53, Code 1975, in reviewing his sentence of death. The attorney general admits in his brief that the mandates of this section were not followed in this case, but suggests that this Court should simply review the death penalty itself. We can not agree.
Section 13A-5-53 provides for a review of the propriety of every death sentence by the Alabama Court of Criminal Appeals, subject to review by this Court:
“§ 13A-5-53
“(a) In any case in which the death penalty is imposed, in addition to reviewing the case for any error involving the conviction, the Alabama court of criminal appeals, subject to review by the Alabama supreme court, shall also review the propriety of the death sentence. This review shall include the determination of whether any error adversely affecting the rights of the defendant was made in the sentence proceedings, whether the trial court’s findings concerning *864 the aggravating and mitigating circumstances were supported by the evidence, and whether death was the proper sentence in the case....
“(b) In determining whether death was the proper sentence in the case the Alabama court of criminal appeals, subject to review by the Alabama supreme court, shall determine:
“(1) Whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor;
“(2) Whether an independent weighing of the aggravating and mitigating circumstances at the appellate level indicates that death was the proper sentence; and
“(3) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.
“(c) The court of criminal appeals shall explicitly address each of the three questions specified in subsection (b) of this section in every case it reviews in which a sentence of death has been imposed.”
(Emphasis added.)
The Court of Criminal Appeals has previously addressed the mandates of this section in Floyd v. State, 486 So.2d 1309 (Ala. Cr.App.1984), aff’d, 486 So.2d 1321 (Ala. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1328, 94 L.Ed.2d 179 (1987):
“The Supreme Court of the United States has mandated that ‘the record on appeal disclose to the reviewing court the considerations which motivated the death sentence in every case in which it is imposed.’ Gardner v. Florida, 430 U.S. 349, 361, 97 S.Ct. 1197, 1206, 51 L.Ed.2d 393 (1977) (Stevens, J., joined by Stewart and Powell, JJ.). Alabama’s death penalty statute requires, as a constitutionally mandated procedure, that we review the propriety of the imposition of the death penalty. Ala.Code § 13A-5-53 (1975). This review must include the determinations of whether any error adversely affecting the defendant’s rights occurred in the sentence proceedings, whether the trial court’s findings concerning the ag- . gravating and mitigating circumstances were supported by the evidence, and whether death was the proper sentence.”
486 So.2d at 1314.
Because the Court of Criminal Appeals failed to make findings pursuant to § 13A-5-53, we must remand this cause to it for proceedings consistent with this opinion. Johnson v. State, 521 So.2d 1006 (Ala.Cr. App.1986), affirmed, 521 So.2d 1018 (Ala. 1987), cert. denied, 488 U.S. 876, 109 S.Ct. 193, 102 L.Ed.2d 162 (1988). See also Ford v. State, 515 So.2d 34 (Ala.Cr.App.1986), affirmed, 515 So.2d 48 (Ala.1987), cert. denied, 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988); Hooks v. State, 534 So.2d 329 (Ala.Cr.App.1987), affirmed, 534 So.2d 371 (Ala.1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 883, 102 L.Ed.2d 1005 (1989); Boyd v. State, 542 So.2d 1247 (Ala. Cr.App.1988), affirmed, 542 So.2d 1276 (Ala.1989), cert. denied, — U.S. -, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989).
REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.