AFTER REMAND FROM ALABAMA SUPREME COURT
McMILLAN, Judge.
This cause was remanded to this court by the Alabama Supreme Court, 584 So.2d 862, for this court pursuant to § 13A-5-53, Code of Alabama 1975, to make findings consistent with that statute’s mandates. Therefore, in accordance with § 13A-5-53, we have reviewed the record, including the guilt and sentencing proceedings, for any error which adversely affected the rights of the appellant, and we have found none. Nor do we find any evidence that the sentence was imposed under influence of passion, prejudice, or any other arbitrary factor.
The trial court properly found the existence of one aggravating circumstance, that the murder was committed for pecuniary gain, § 13A-5-49(6), Code of Alabama 1975. The propriety of this aggravating circumstance was previously discussed. See part X of this court’s “on return to remand” opinion of July 21, 1989. Henderson v. State, 584 So.2d 841, at 858- *1072 859. The trial court also properly found the existence of one mitigating circumstance, the absence of a prior criminal record, § 13A-5-51(1), Code of Alabama 1975. The trial court properly found the existence of no non-statutory mitigating circumstances.
After an independent weighing of the aggravating and mitigating circumstances in this case, we find that the evidence supports the trial court’s conclusion and indicates that death was the proper sentence. The sentence of death in this case is neither excessive nor disproportionate to the penalties imposed in similar cases, considering both the crime and the defendant. See Tomlin v. State, 443 So.2d 47 (Ala.Cr.App.1979), affirmed, 443 So.2d 59 (Ala.1983), cert. denied 466 U.S. 954, 104 S.Ct. 2160, 80 L.Ed.2d 545 (1984) (murder for hire); Williams v. State, 466 U.S. 954, 104 S.Ct. 2161, 80 L.Ed.2d 545 (Ala.Cr.App.1983), reversed on other grounds, 461 So.2d 852 (Ala.1984) (murder for hire); Lawhorn v. State, 581 So.2d 1159 (Ala.Cr.App.1990), affirmed, 581 So.2d 1179 (Ala.1991) (murder for hire); Haney v. State, [Ms. 7 Div. 148, March 29, 1991], 1991 WL 82418 (Ala.Cr.App.1991).
Because the appellant’s conviction and sentence of death are proper, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.