825 So.2d 233 (2001)
Ex parte Donald BROADNAX.
(In re Donald Broadnax v. State).
1000763.
Supreme Court of Alabama.
November 2, 2001.
Rehearing Denied December 28, 2001.
*234 John Wood, Birmingham, for petitioner.
Bill Pryor, atty. gen., and Beth Jackson Hughes, asst. atty. gen., for respondent.
STUART, Justice.
Donald Broadnax was convicted of four counts of capital murder: one count for the intentional murder of two or more persons pursuant to one scheme or course of conduct, see § 13A-5-40(a)(10), Ala. Code 1975; one count for the intentional murder by a person who has been convicted of another murder in the 20 years preceding the charged crime, see § 13A-5-40(a)(13), Ala.Code 1975; one count for the intentional murder committed during a kidnapping in the first degree, see § 13A-5-40(a)(1), Ala.Code 1975; and one count for the intentional murder of a victim less than 14 years of age, see § 13A-5-40(a)(15), Ala.Code 1975. The jury recommended a sentence of death. After conducting a sentencing hearing and considering and weighing the aggravating circumstances and the mitigating circumstances, the trial court sentenced Broadnax to death. The Court of Criminal Appeals affirmed Broadnax's convictions, but reversed his sentence and remanded the case for the trial court to conduct a new penalty-phase hearing. Broadnax v. State, (No. CR-97-0113, March 31, 2000). *235 The state filed an application for rehearing. The Court of Criminal Appeals granted the application and on rehearing withdrew its March 31, 2000, opinion and substituted another. In the substituted opinion, the Court of Criminal Appeals held that a new penalty-phase hearing was not required; nevertheless, it remanded the case to the trial court with directions that the trial court correct certain factual errors in its sentencing order and enter specific written findings of fact concerning the existence or nonexistence of the aggravating circumstances and the statutory and nonstatutory mitigating circumstances. Broadnax v. State, 825 So.2d 134 (Ala.Crim.App.2000) (opinion on rehearing). The trial court complied with this order and on December 1, 2000, the Court of Criminal Appeals affirmed Broadnax's sentence of death. Broadnax v. State, 825 So.2d 134, 223 (Ala.Crim. App.2000) (opinion on return to remand). Broadnax filed a petition for a writ of certiorari, which this Court granted.
The evidence presented at trial established that while Donald Broadnax was serving a sentence of imprisonment at a release center in Alexander City for a conviction of murder, he worked at Welborn Forest Products in Alexander City. On April 25, 1996, Hector Jan Stamps Broadnax, Broadnax's wife, and DeAngelo Stamps, Jan's grandson, visited Broadnax at his workplace. During the visit, Broadnax killed Jan, placed her body in the trunk of her car, and drove the vehicle, with DeAngelo in the backseat, to Birmingham. Once in Birmingham, Broadnax killed DeAngelo and placed his body in the trunk of the vehicle. For a detailed recitation of the facts, see the opinion on rehearing in Broadnax, 825 So.2d at 150-51. The Court of Criminal Appeals issued an extensive opinion thoroughly addressing the issues raised by Broadnax. This Court will address only three of the issues Broadnax raises.

I.
The trial court's instruction regarding the standard necessary for finding a mitigating circumstance was incorrect. The Court of Criminal Appeals, although agreeing that the instruction was improper, held that the error was harmless. Broadnax contends that the Court of Criminal Appeals erred in concluding that the erroneous instruction given to the jury regarding the standard for finding mitigating circumstances was harmless. According to Broadnax, that holding by the Court of Criminal Appeals diminishes the role of the jury in the sentencing process and results in an arbitrary imposition of a death sentence.
Section 13A-5-45(g), Ala.Code 1975, states:
"The defendant shall be allowed to offer any mitigating circumstance defined in Sections 13A-5-51 and 13A-5-52. When the factual existence of an offered mitigating circumstance is in dispute, the defendant shall have the burden of interjecting the issue, but once it is interjected the state shall have the burden of disproving the factual existence of that circumstance by a preponderance of the evidence."
In the trial court's instruction to the jury during the penalty phase, the trial court stated: "these mitigating circumstances must be only established from the evidence only to your reasonable satisfaction." As the Court of Criminal Appeals held, this instruction was erroneous. Therefore, we must determine if the Court of Criminal Appeals improperly concluded that the error was harmless.
*236 In Elledge v. Dugger, 823 F.2d 1439 (11th Cir.1987), the United States Court of Appeals for the Eleventh Circuit held that an erroneous jury instruction during the penalty phase in a death-penalty case does not mandate reversal if the jury is not directed to ignore nonstatutory mitigating evidence and if the judge, who is the sentencer, is aware that the evidence is to be properly considered. The Florida Supreme Court applied the Elledge holding in Delap v. Dugger, 513 So.2d 659 (Fla. 1987), when it conducted a harmless-error analysis to determine whether an erroneous jury instruction on the consideration to give mitigating circumstances mandated reversal. In its analysis, the Florida court considered the following facts: That the defense had not been limited in presenting nonstatutory mitigating circumstances; that the jury had not been instructed that it could not consider the nonstatutory mitigating evidence; that the judge had known that nonstatutory mitigating factors could be considered; and that the mitigating evidence was weak when balanced against the five aggravating factors. The Florida Supreme Court held that, based on the totality of the circumstances, the erroneous jury instruction had had no effect upon the jury's recommendation and the judge's sentence of death. After considering the totality of the circumstances, the court held that the erroroneous instruction had no impact on the jury's advisory recommendation or on the judge's imposition of the death sentence.
We agree with the Florida Supreme Court and the Court of Criminal Appeals that an erroneous instruction on the consideration to give mitigating evidence is subject to a harmless-error review. Cf. Lawhorn v. State, 581 So.2d 1159, 1176-77 (Ala.Crim.App.1990), aff'd, 581 So.2d 1179 (Ala.), cert. denied, 502 U.S. 970, 112 S.Ct. 445, 116 L.Ed.2d 463 (1991).
Here, three aggravating circumstances were established beyond a reasonable doubt as evidenced by the jury's verdicts from the guilt phase. A review of the record adequately supports the finding that the killings of Jan and DeAngelo were "especially heinous, atrocious, or cruel" when compared to other capital offenses, see § 13A-5-49(8), Ala.Code 1975. Thus, the state presented compelling evidence of the aggravating circumstances.
Although the defense was not limited in presenting evidence of mitigating circumstances, the mitigating evidence was minimal. Broadnax argued that because the murders were committed shortly after he had been denied parole, he was "under the influence of extreme mental or emotional disturbance" when he committed the murders, see § 13A-5-51(2), Ala.Code 1975. He also presented testimony from his sister Dorothy McKinstry of nonstatutory mitigating circumstances.
During the argument portion of the penalty phase, both the state and defense counsel argued that it was proper for the jury to consider the mitigating evidence that had been presented. The trial court stated in its order imposing the death sentence that, when it weighed the aggravating and mitigating circumstances, it considered "all of the matters that were presented ..., the testimony heard at trial and the sentencing hearing ..., both in mitigation and by aggravation."
After carefully reviewing all the evidence presented during the penalty phase, we unhesitatingly conclude that even if the jury had been properly instructed on the consideration it should give the statutory and nonstatutory mitigating circumstances, the jury would have recommended a death sentence in this case. Moreover, the trial court's sentencing order indicates *237 that it gave the mitigation evidence proper consideration. Considering the totality of the circumstances, we hold that the jury instruction, although erroneous, had no impact on the jury's recommendation or on the trial court's sentence of death.

II.
Broadnax contends that the Court of Criminal Appeals erred in concluding that the failure to have the pretrial and posttrial hearings transcribed was not reversible error. Nothing in the record indicates that Broadnax requested that the pretrial or posttrial hearings be transcribed. Those parts of a capital trial that must be transcribed pursuant to Rule 19.4, Ala.R.Crim.P., were transcribed. See Ex parte Land, 678 So.2d 224 (Ala.1996), cert. denied, 519 U.S. 933, 117 S.Ct. 308, 136 L.Ed.2d 224 (1996). This Court cannot assume error when the record reflects compliance with the procedural rules and established law.

III.
Broadnax contends that the Court of Criminal Appeals erred in not finding reversible error in "the circuit court's erroneous instruction regarding the heinous, atrocious, or cruel aggravating circumstance." Specifically, he argues that after defining the terms "heinous, atrocious, or cruel," the trial court erred by instructing the jury that the offense had to be "especially" so. According to Broadnax, the trial court's instruction "resulted in an overbroad and arbitrary application of this aggravating circumstance." (Broadnax's brief to this Court at p. 18.)
The Court of Criminal Appeals properly applied the well-established law defining and applying this aggravating circumstance. See Ex parte Kyzer, 399 So.2d 330, 334 (Ala.1981), and Ex parte Bankhead, 585 So.2d 112, 124-25 (Ala.1991), aff'd on return to remand, 625 So.2d 1141 (Ala.Crim.App.1992), rev'd on other grounds, 625 So.2d 1146 (Ala.1993). As the Court of Criminal Appeals noted, the trial court's instruction stated: "`For a capital offense to be especially cruel, it must be [a] conscienceless or a pitiless crime which was unnecessarily torturous to the victim.'" 825 So.2d at 210 (emphasis added). Despite the fact that the trial court's instruction did not include the phrase "compared to other capital offenses," the instruction, when reviewed in its entirety, adequately narrowed this circumstance.
The judgment of the Court of Criminal Appeals affirming Broadnax's conviction and his death sentence is affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
JOHNSTONE, J., concurs in the result in part and dissents in part.
JOHNSTONE, Justice (concurring in the result in part and dissenting in part).
I concur in the result of affirming the adjudication of the defendant's guilt. I respectfully dissent from the affirmance of the death sentence. I will write to only two of the reversible errors in the penalty phase of the trial.
First, the trial court misinstructed the jury on the burden of proof and, worse, the placement of the burden of proof, on mitigating circumstances. The main opinion minimizes this error by quoting only one of the six erroneous parts of the erroneous instruction. The Court of Criminal Appeals, to its credit, recites most of the erroneous instruction in its opinion, see Broadnax v. State, 825 So.2d 134, 209-13 (Ala.Crim.App.2000), and candidly recognizes *238 the erroneousness of the instruction. The main opinion of this Court, like the opinion of the Court of Criminal Appeals, however, deems the error harmless.
Part of the trial judge's instruction tells the jurors they should fix the defendant's punishment at death if "there are no mitigating circumstances proven to your reasonable satisfaction." Broadnax, 825 So.2d at 213. Two other parts of the erroneous instruction condition a life-without-parole recommendation on the jurors' being "reasonably satisfied as to the existence of any mitigating circumstances" or "reasonably satisfied that mitigating circumstances exist." 825 So.2d at 213.
Of course, our law, § 13A-5-45(g), Ala. Code 1975, does not impose any burden on the defendant to prove mitigating circumstances to the jurors' reasonable satisfaction. Rather, our law requires the jurors to consider any mitigating circumstance interjected by the defendant and not disproved by the State by a preponderance of the evidence. § 13A-5-45(g). See also Dill v. State, 600 So.2d 343 (Ala.Crim.App. 1991), aff'd, 600 So.2d 372 (Ala.1992), cert. denied, 507 U.S. 924, 113 S.Ct. 1293, 122 L.Ed.2d 684 (1993).
The main opinion observes that, "[i]n Elledge v. Dugger, 823 F.2d 1439 (11th Cir.1987), the United States Court of Appeals for the Eleventh Circuit held that an erroneous jury instruction during the penalty phase in a death penalty case does not mandate reversal if the jury is not directed to ignore nonstatutory mitigating evidence...." (Emphasis added.) Conversely, a jury instruction that does direct the jury to ignore nonstatutory mitigating evidence in the penalty phase does mandate reversal. The instruction at issue in the case before us contains that very defect and requires that very result. The effect of the instruction was to direct the jurors to ignore any nonstatutory mitigating circumstance the defendant had not proved to their reasonable satisfaction. The instruction thereby deprived the defendant of a trial by jury on an issue our law grants a jury trial to decide, albeit by an advisory verdict.
Second, the trial court misinstructed the jurors on the definition of the aggravating circumstance of "especially heinous, atrocious, or cruel compared to other capital offenses." § 13A-5-49(8), Ala.Code 1975 (emphasis added). Specifically, the trial court failed to instruct the jurors that, in considering the existence or nonexistence of this aggravating circumstance, they were obliged to compare the defendant's capital offense "to other capital offenses" as the statute expressly and plainly requires. This Court is a stalwart standard-bearer for the plain-meaning doctrine of statutory construction,[1] except when the plain meaning of a statute favors a criminal defendant. See my dissent in Ex parte Washington, 818 So.2d 424 (Ala.2001). Then we dismiss the plain meaning as "a very narrow and literal reading of the statute."[2]Ex parte Bankhead, 585 So.2d 112, 125 (Ala.1991) (redefining and applying *239 this aggravating circumstance), cited in the case now before us by both the main opinion and the opinion of the Court of Criminal Appeals. Yet rewriting statutes is the proper function of the Legislature, not the judiciary. Art. III, § 43, Ala. Const. of 1901. The instruction by the trial court in this case deprived the jury of the legislatively mandated standard, a comparison with other capital cases, for assessing whether this aggravating circumstance exists.
NOTES
[1] See, e.g., Ex parte Master Boat Builders, Inc., 779 So.2d 192 (Ala.2000); Ex parte Achenbach, 783 So.2d 4 (Ala.2000); Ex parte Fluor Contractors Int'l, 772 So.2d 1157 (Ala.2000); State v. American Tobacco Co., 772 So.2d 417 (Ala.2000); Alabama Educ. Ass'n v. Nelson, 770 So.2d 1057 (Ala.2000); Young Oil Co. v. Racetrac Petroleum, Inc., 757 So.2d 380 (Ala. 1999); Johnson v. Price, 743 So.2d 436 (Ala. 1999); DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270 (Ala.1998); IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344 (Ala.1992).
[2] A notable exception is Ivey v. State, 821 So.2d 937 (Ala.2001), decided in strict adherence to statutory plain meaning and constitutional mandate.