MOORE, Judge.
W.P., Sr. (“the father”), and A.P. (“the mother”) appeal from separate judgments of the Baldwin Juvenile Court (“the juvenile court”) approving the placement of their children, W.P., Jr., and T.P. (“the children”), with paternal relatives in Texas. We affirm the juvenile court’s judgments.
On December 19, 2013, the Baldwin County Department of Human Resources (“DHR”) filed separate dependency petitions in the juvenile court, asserting, among other things, that the children were dependent and that the children had been placed in DHR’s temporary custody; DHR requested that the juvenile court place the children into DHR’s custody. On December 19, 2013, the juvenile court entered separate shelter-care orders placing each child in DHR’s custody.
A dependency hearing was conducted on February 10, 2014. On March 19, 2014, the juvenile court entered separate judgments finding each child dependent. Another hearing was held on September 29, 2015. On October 1, 2015, the juvenile court entered separate judgments maintaining custody of the children with DHR and approving placement of the children by DHR with Deborah Thomas and Sylvester Thomas, paternal relatives of the children, who live in Texas. The mother and the father filed their notice of appeal from those judgments with this court on October 15, 2015.
Acting pro se, the mother and the father filed an appellants’ brief with this court. DHR filed a motion to strike the brief filed by the mother and the father and to dismiss the appeal based on the purported failure of the mother and the father to comply with Rule 28, Ala. R.App. P. This court denied DHR’s motion. In its appellee’s brief filed with this court, DHR again argues, among other things, that the appeal should be dismissed based on the failure of the mother and the father to state a renewable issue and to cite any authority, in contravention of Rule 28(a)(10), Ala. R.App. P. DHR is correct that the mother and the father failed to cite any legal authority in their appellants’ brief and that the parents’ brief is not a model of clarity with regard to the issues intended to be raised; however, because issues of child custody are involved, this court will, out of an abundance of caution, proceed with a brief review of the judgments at issue to the extent that DHR has been able to prepare a response to the parents’ purported challenge to the juvenile court’s judgments.
*32 DHR also argues that the appeal is from nonfinal judgments because, it says, the judgments do not adjudicate custody or any parental rights but, rather, “merely establish! ] the placement of the dependent children.” DHR’s brief, p. 13. We conclude, however, that, because the juvenile court’s judgments modified the custodial placement of the children, those judgments are final for purposes of appeal. See C.L. v. D.H., 916 So.2d 622, 625-26 (Ala.Civ.App.2005) (discussing finality of judgments changing custodial placement of child in contemplation of new facts); Morgan v. Lauderdale Cty. Dep’t of Pensions & Sec., 494 So.2d 649 (Ala.Civ.App.1986); and Ex parte Linnell, 484 So.2d 455 (Ala,1986).
To the extent the mother and the father argue that the juvenile court erred in finding the children dependent, we are unable to review that determination, which was made in the juvenile court’s March 19, 2014, judgments, because the mother and the father did not timely appeal from those judgments. J.K. v. State Dep’t of Human Res., 103 So.3d 807, 811 (Ala.Civ.App.2012). To the extent that the mother and the father purport to challenge the implicit findings in the juvenile court’s October 1, 2015, judgments that the children remained dependent, see, e.g., J.P. v. S.S., 989 So.2d 591, 598 (Ala.Civ.App.2008), we note that that determination is supported by the evidence.
“Our standard of review of the custody decision of a juvenile court is well settled.
“ ‘In a child custody case [in which the evidence is presented to the trial court ore tenus], an appellate court presumes the trial court’s findings to be correct and will not reverse without proof of a clear abuse of discretion or plain error. Reuter v. Neese, 586 So.2d 232 (Ala.Civ.App.1991); J.S. v. D.S., 586 So.2d 944 (Ala.Civ.App.1991). This presumption is especially applicable where the evidence is conflicting. Ex Parte P.G.B., 600 So.2d 259, 261 (Ala.1992).’
“Ex parte Alabama Dep’t of Human Res., 682 So.2d 459, 460 (Ala.1996). Furthermore, when the juvenile court has not made specific factual findings in support of its judgment, we must presume that the juvenile court made those findings necessary to support its judgment, provided that those findings are supported by the evidence. D.M. v. Walker Cty. Dep’t of Human Res., 919 So.2d 1197, 1210 (Ala.Civ.App.2005).”
Marshall Cty. Dep’t of Human Res. v. J.V., 203 So.3d 1243, 1249 (Ala.Civ.App.2016).
Although the juvenile court did not make factual findings in its October 1, 2015, judgments, the juvenile court heard evidence from Bethany Lohr, a clinical psychologist, indicating that she had met with the mother multiple times and had ultimately diagnosed her with schizophrenia and that it was important for the mother to show compliance with her prescribed medications. Lohr also noted that the mother’s condition could cause her judgment to be “derailed.” Jeannie Trammel, the DHR caseworker who had been assigned to the mother and the father’s case for almost two years, testified, among other things, that a follow-up psychiatric evaluation of the mother indicated that she should not be left alone with the children. Trammel also testified that the father’s work hours prevented him from being present at all times to prevent the children’s being left alone with the mother. Although Trammel admitted that the mother had presented her with the results of another psychological evaluation that had been performed and that indicated that there was no evidence indicating that the mother’s parenting practices posed any *33 risk to the children, Trammel noted that the evaluator had not been given a background regarding DHR’s involvement with the mother.
The mother and the father also appear to challenge the juvenile court’s placement of the children with the Thom-ases, the children’s paternal relatives. The mother testified that she was pleased that the children would enter the care of the Thomases and that they would be out of foster care. The father testified that he thought that the Thomases would provide a good home for the children and that he and the mother agreed to “go with” whatever decision the juvenile court reached.
“The law is well settled that ‘[a] party may not predicate an argument for reversal on “invited error,” that is, “error into which he has led or lulled the trial court.”’ Atkins v. Lee, 603 So.2d 937, 945 (Ala.1992) (quoting Dixie Highway Express, Inc. v. Southern Ry., 286 Ala. 646, 651, 244 So.2d 591, 595 (1971)). The doctrine of invited error ‘provides that a party may not complain of error into which he has led the court.’ Ex parte King, 643 So.2d 1364, 1366 (Ala.1993). In other words, ‘[a] party cannot win a reversal on an error that party has invited the trial court to commit.’ Neal v. Neal, 856 So.2d 766, 784 (Ala.2002). See also Liberty Nat’l Life Ins. Co. v. Beasley, 466 So.2d 935, 937 (Ala.1985); and State Farm Mut. Auto. Ins. Co. v. Humphres, 293 Ala. 413, 418, 304 So.2d 573, 577 (1974).”
Casey v. McConnell, 975 So.2d 384, 389 (Ala.Civ.App.2007). Because both the mother and the father indicated during the September 29, 2015, hearing that they thought the children would benefit from being placed in the custody of the Thom-ases, we decline to reverse the juvenile court’s judgments on that point.
In their brief on appeal, the mother and the father state, in pertinent part, that they are requesting “a change of venue ... from DHR ... [and the juvenile-court judge].” Appellants’ brief, p. 25. We note that the record does not indicate that the mother and the father requested a change of venue or a recusal by the juvenile-court judge at any time. “This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). Thus, we cannot consider the mother and the father’s arguments regarding a “change of venue” and recusal.
For the reasons stated in this opinion, the juvenile court’s judgments are affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.