MOORE, Judge.
K.R. ("the mother") appeals from a judgment entered by the Coffee Juvenile Court ("the juvenile court") finding N.S. ("the child") dependent and awarding custody of the child to the child's maternal grandmother, Z.B. ("the grandmother"). We reverse the judgment insofar as it awards custody to the grandmother.
Procedural History
On August 24, 2016, the grandmother filed in the juvenile court a petition alleging that the child was dependent and requesting custody of the child. On September 16, 2016, pendente lite custody of the child was awarded to the grandmother. After an adjudicatory hearing, the juvenile court entered a judgment on January 18, 2017, dismissing the petition based on the grandmother's failure to establish the dependency of the child.
On February 1, 2017, the grandmother filed a motion to alter, amend, or vacate the judgment. On February 6, 2017, the *525 juvenile court held a hearing on that motion. On February 10, 2017, the juvenile court entered an order vacating its January 18, 2017, judgment and reinstating the pendente lite custody order. That same day, the juvenile court entered a judgment finding the child dependent and awarding custody of the child to the grandmother.
On February 15, 2017, the mother filed a postjudgment motion challenging the sufficiency of the evidence to support the judgment. On February 24, 2017, the mother filed a second postjudgment motion arguing that the juvenile court had failed to hold a dispositional hearing. The mother's postjudgment motions were denied by operation of law on March 1, 2017, and March 10, 2017, respectively. See Rule 1(B), Ala. R. Juv. P. The mother filed her notice of appeal on March 14, 2017.
Discussion
I.
On appeal, the mother first argues that venue was improper. In W.P. v. Baldwin County Department of Human Resources, 208 So.3d 30 (Ala. Civ. App. 2016), this court held that, when a request for a change of venue was not made to the juvenile court, this court would not consider that argument on appeal. 208 So.3d at 33 (quoting Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992) ) (" 'This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.' "). In this case, there is no indication that the mother raised the issue of venue to the juvenile court. Therefore, we cannot consider that issue.
II.
The mother also argues that the juvenile court erred in relying on certain records relating to a criminal case involving the mother. We note, however, that the juvenile court referenced those records at the adjudicatory hearing, and the mother made no objection to its consideration of those records.
"A timely objection is necessary to preserve an issue for appellate review. Rule 103(a)(1), Ala. R. Evid.; Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala. 2003) (holding that a timely objection is necessary to put the trial court on notice of any error to be corrected); Henning v. Henning, 26 So.3d 450, 457 (Ala. Civ. App. 2009) (holding that a hearsay objection lodged after the witness answered the question was untimely). A '[t]imely objection is a condition precedent to raising an error on appeal. Where a timely objection to the admission of evidence is not made, the party wishing to exclude the evidence cannot be heard to complain.' Davis v. Southland Corp., 465 So.2d 397, 402 (Ala. 1985)."
S.S. v. Jefferson Cty. Dep't of Human Res., 154 So.3d 1049, 1054 (Ala. Civ. App. 2014).
Because the mother failed to timely object to the juvenile court's consideration of the records complained of on appeal, we will not consider that argument.
III.
The mother argues that the juvenile court erred in allowing Dawn Short, a juvenile-probation officer, to testify despite Rule 615, Ala. R. Evid., having been invoked and Short's having been present in the courtroom during the testimony of other witnesses. "The general rule is that excluding witnesses upon invocation of 'the rule' [i.e., Rule 615 ] is a matter largely left to the trial court's discretion, and its decision on the matter will not be disturbed unless it amounts to an abuse of discretion." Faulkner v. Walters, 661 So.2d 227, 230 (Ala. 1995).
*526 In the present case, during the adjudicatory hearing, the mother was asked to submit to a drug test to be administered by Short. Short was subsequently called as a witness to testify regarding the results of that drug test.
"The purpose of [ Rule 615, Ala. R. Evid., i.e.,] the witness sequestration rule[,] is to prevent any one witness from hearing the testimony of other witnesses and perhaps perceiving the value of his [or her] own testimony to one party or the other." Ex parte Faircloth, 471 So.2d 493, 496 (Ala. 1985). "Alabama appellate courts have time and again refused to hold it an abuse of discretion on the part of a trial court to allow a sheriff, police chief, or similarly situated person who will later testify to remain in the courtroom during trial." Ex parte Lawhorn, 581 So.2d 1179, 1181 (Ala. 1991). Considering the foregoing, we conclude that the juvenile court did not exceed its discretion in allowing Short, a juvenile-probation officer, to testify regarding the results of a drug test that she had administered during the course of the adjudicatory hearing despite her having not been sequestered.
IV.
Finally, the mother argues that the juvenile court erred in entering a judgment awarding custody of the child to the grandmother without holding a dispositional hearing.
" ' " 'It is well settled that "[i]n dealing with such a delicate and difficult question-the welfare of a minor child-due process of law in legal proceedings should be observed," which necessarily includes "a hearing or opportunity to be heard before a court of competent jurisdiction," ' " ' M.G. v. J.T., 90 So.3d 762, 764 (Ala. Civ. App. 2012) (quoting earlier cases), and, concomitantly, ' "an opportunity to present evidence and arguments [and] ... a reasonable opportunity to controvert the opposition's claims," ' R.C. v. L.C., 923 So.2d 1109, 1111-12 (Ala. Civ. App. 2005) (quoting Crews v. Houston Cnty. Dep't of Pensions & Sec., 358 So.2d 451, 455 (Ala. Civ. App. 1978) (emphasis added in R.C. ))."
D.D.P. v. D.M.B., 173 So.3d 1, 4 (Ala. Civ. App. 2015).
"[A] hearing to determine the custody of a dependent child is a disposition hearing." T.B. v. Cullman Cty. Dep't of Human Res., 6 So.3d 1195, 1203 (Ala. Civ. App. 2008). Section 12-15-311, Ala. Code 1975, provides, in pertinent part:
"(a) If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that a child is dependent, the juvenile court may proceed immediately, in the absence of objection showing good cause or at a postponed hearing, to make proper disposition of the case.
"(b) In dispositional hearings, all relevant and material evidence helpful in determining the best interests of the child, including verbal and written reports, may be received by the juvenile court even though not admissible in the adjudicatory hearing. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making reports."
In the present case, the juvenile court held the initial adjudicatory hearing on January 11, 2017. Although " Rule 25(A), Ala. R. Juv. P., specifically allows juvenile courts to simultaneously hear all phases of a case at once," T.B., 6 So.3d at 1203, in this case the juvenile court made it clear that the disposition of the child was not considered at that hearing. After the conclusion of the adjudicatory hearing, the juvenile court dismissed the grandmother's *527 petition based on the grandmother's failure to establish the dependency of the child, thus obviating any need for a dispositional hearing at that point.
However, the grandmother thereafter filed a postjudgment motion, and, on February 6, 2017, the juvenile court held a hearing on that motion at which it received ore tenus testimony concerning the mother's criminal-arrest history and the veracity of her previous testimony on that subject. At the conclusion of that hearing, the juvenile court stated that it was vacating the judgment dismissing the petition, and it entered a written order to that effect. Without holding a dispositional hearing, the juvenile court then entered a judgment finding the child dependent and awarding custody of the child to the grandmother.
Based on the foregoing, we conclude that the juvenile court erred in failing to hold a hearing concerning the issue of the disposition of the custody of the child. Therefore, we reverse the judgment of the juvenile court to the extent that it awarded custody of the child to the grandmother, and we remand the cause for the juvenile court to conduct a hearing in accordance with § 12-15-311, Ala. Code 1975, and to enter a judgment regarding the disposition of the child. We note that the pendente lite custody award to the grandmother remains in effect pending the juvenile court's entry of a dispositional judgment. Moreover, because the mother has not raised an issue regarding the dependency determination, that aspect of the judgment remains intact.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.