ON REMAND FROM THE UNITED STATES SUPREME COURT
This case has been remanded to this Court by the mandate of the United States Supreme Court, ___ U.S. ___, 111 S.Ct. 1678,114 L.Ed.2d 73 (1991), vacating this Court's judgment. This Court's earlier opinion is published at 571 So.2d 1015
(Ala. 1990). The Supreme Court remanded the case to us for further consideration in light of its decision in PacificMutual Life Insurance *Page 856 Co. v. Haslip, 499 U.S. ___, 111 S.Ct. 1032, 113 L.Ed.2d 1
(1991).
In Haslip, the Supreme Court held that punitive damages assessed against Pacific Mutual under Alabama procedures did not violate the constitutional guarantee of due process because (1) the trial court had instructed the jury on the nature and purpose of punitive damages and when such damages could be imposed, (2) the post-trial procedures set out in Hammond v.City of Gadsden, 493 So.2d 1374 (Ala. 1986), ensured adequate review of the jury award by the trial court in light of the purpose and nature of punitive damages, and (3) this Court evaluates awards of punitive damages on appeal in light of detailed substantive standards designed to ensure that the award does "not exceed an amount that will accomplish society's goals of punishment and deterrence." Green Oil Co. v. Hornsby,539 So.2d 218, 222 (Ala. 1989).
The facts in this case are presented in our earlier opinion and need not be repeated here. However, in light ofHaslip, we must reconsider our affirmance of the trial court's $500,000 judgment against Perry and Southern Life and Health. The trial court entered this judgment after extensive post-trial briefing and argument pursuant to our guidelines inHammond, supra, and the trial court's final determination resulted in a remittitur of $4,500,000 of the original $5,000,000 jury verdict. Thus, the issue is whether, given the factors set out in Haslip, our affirmance of the $500,000 judgment was proper. We hold that it was.
 I. The Sufficiency of the Jury Charge
Under the criteria set out in Haslip, we first consider whether the oral charge by the trial court sufficiently constrained the jury's determination with respect to the nature and purpose of punitive damages. The trial court's charge on punitive damages was as follows:
 "What about punitive damages? Punitive damages are damages in addition to and above and beyond compensatory damages, which seek to punish a wrongdoer. Sometimes we refer to it as exemplary damages. That is, damages to make an example of the wrongdoer. For the purpose of punishing that wrongdoer for the wrong that he has perpetrated. And secondly, to make an example out of him, and to prevent him or other people similarly situated from doing the same sort of wrong in the future. The amount of punitive damages in any case is left to the sound discretion of the jury. If you are to award punitive damages, you determine the amount that is appropriate in this case. In determining the amount though, you can be guided by three things. The enormity of the wrong, the culpability of the wrongdoer, and the necessity for preventing similar wrongs by this defendant or other people similarly situated in the future. So again, punitive damages are for the purpose of punishment, and making an example of the wrongdoer, so that he or others in the future will not do the same type of misconduct. And in determining the amount, use your sound discretion, keeping in mind three things. The enormity of the wrong, the culpability of the wrongdoer, and the necessity for preventing similar wrongs by that wrongdoer or others similarly situated in the future.
 "In a case where fraud is alleged, as in this case, punitive damages can be awarded only when the plaintiff has proved, not only the existence of the legal fraud in question, but another step must be proved. Another item must be proved. Not just that the legal fraud occurred. But, to justify punitive damages, the plaintiff must reasonably satisfy you from the evidence which is clear and convincing, that the fraud in question was malicious, oppressive or gross, and committed with the intent to injure the plaintiff. So, before you could award punitive damages, as opposed to compensatory damages, before you could award punitive damages in this case, you would have to be reasonably satisfied from the evidence, and the evidence would have to be clear and convincing on this point, that Richard Perry committed the legal fraud that he is accused of, as I defined that to you. And, you must be reasonably *Page 857 
satisfied, and the evidence must be clear and convincing on this, that that fraud was malicious, oppressive or gross, and that it was done with the intent, committed with the intent to injure, financially injure, Lucy Turner. Without such proof, you might be authorized to award compensatory damages in the amount of a thousand dollars, but you would not be authorized to award any punitive damages."
This instruction makes clear that the purpose of punitive damages is punishment of the wrongdoer and deterrence of similar wrongful conduct. Even though the instruction vests considerable discretion in the jury for determining punitive damages, the instruction also limits that determination by giving three factors for consideration: (1) the enormity of the wrong, (2) the culpability of the wrongdoer, and (3) the necessity of preventing similar wrongs. In Haslip, a similar instruction was held to have "reasonably accommodated Pacific Mutual's interest in rational decisionmaking and Alabama's interest in meaningful individualized assessment of appropriate deterrence and retribution." 499 U.S. at ___,111 S.Ct. at 1044.
The instruction also explicitly requires that the jury, in order to award punitive damages in a fraud case, find that malice has been proven by clear and convincing evidence. This approach was noted with approval in Haslip, 499 U.S. ___, at n. 11, 111 S.Ct. at 1046 n. 11. Accordingly, we hold that this punitive damages instruction meets the first requirement of the test in Haslip.
 II. The Hammond Hearing
The second consideration by the Court in Haslip concerned an evaluation of the post-trial procedures established in our case of Hammond v. City of Gadsden, supra. The record indicates that the post-trial Hammond-type hearing in this case was preceded by extensive briefing by the parties. There is no doubt that the trial court considered the factors enumerated in Green OilCo., supra, at 223-24: (1) the relationship between the punitive damages and the harm that could result from the defendant's conduct and the actual harm that resulted, (2) the degree of reprehensibility of the defendant's conduct, (3) the profit to the defendant by the wrongful conduct, (4) the financial position of the defendant, (5) the costs of litigation, (6) the imposition of criminal sanctions, and (7) the existence of other civil actions under similar circumstances. The record further indicates that the parties had the opportunity to present evidence with respect to these factors for the trial court's additional consideration, but there is no indication that any significant additional evidence was presented.
The record is plain that the trial court considered these factors in its review of the jury award from its own unique position of observer of all of the formal aspects of the case. Based on its view of the proceedings, the parties, and the jury, and in light of the factors set out in Hammond and GreenOil Co., the trial court determined that the jury verdict of $5,000,000 was excessive and required a remittitur to one-tenth of that amount. In its Hammond order, the trial court followed this basic guideline:
 "Punitive damages should not exceed an amount necessary to accomplish society's goals of punishment and deterrence, but the degree of punishment necessary to achieve those goals changes with each case."
Central Alabama Elec. Co-Op. v. Tapley, 546 So.2d 371, 377
(Ala. 1989). Accordingly, we conclude that the Hammond hearing in the instant case satisfied the requirement in Haslip that the trial court conduct a meaningful and adequate review of the jury's award.
 III. Appellate Review
The final requirement to provide constitutional due process in the assessment of punitive damages under Haslip lies with this Court in its review of the trial court's judgment. Of course, this Court reviews each award of punitive damages under the standards articulated in Green Oil Co. and Central AlabamaElec. Co-Op., but this Court also reviews such *Page 858 
awards to "assure some degree of uniformity in the area of punitive damages." Burlington Northern R.R. v. Whitt,575 So.2d 1011, 1024 (Ala. 1990). We note that the judgment in this case is not disproportionate when considered alongside other punitive damages verdicts in fraud cases. See, e.g.,Massachusetts Mut. Life Ins. Co. v. Collins, 575 So.2d 1005
(Ala. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1306,113 L.Ed.2d 240 (1991) ($750,000 punitive damages award in insurance fraud case held not excessive); HealthAmerica v.Menton, 551 So.2d 235 (Ala. 1989), cert. denied, 493 U.S. 1093,110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990) ($1,800,000 punitive damages award upheld in fraud action); Vintage Enterprises,Inc. v. Jaye, 547 So.2d 1169 (Ala. 1989) ($500,000 punitive damages award in fraud action upheld); and State Farm Mut.Auto. Ins. Co. v. Robbins, 541 So.2d 477 (Ala. 1989) (remittitur of all but $500,000 of $5,000,000 verdict affirmed in fraud action).
Our review of the record and of the trial court's conclusions in its Hammond order reveals no significant point on which this Court would be warranted in reversing the judgment of the trial court. As the trial court noted in its Hammond order, this was a reprehensible fraud, mitigated only in part by agent Perry's attempt to pay back part of his theft. Southern Life and Health's liability under Alabama's law of respondeat superior was thoroughly discussed in our earlier opinion on this case. 571 So.2d at 1018-19. The State of Alabama has a strong interest in encouraging insurance companies and their agents not to misappropriate their policyholders' premiums. The record contains no evidence as to the defendants' financial position, other civil or criminal actions, or lack of profitability that would support setting aside the trial court's determination. In short, the amount of this judgment bears a reasonable relation to the reprehensibility of the conduct and the importance of encouraging other insurers to avoid similar conduct.
We note that Southern Life and Health Perry argue strongly that the judgment in this case is excessive because Turner's compensatory damages were only $1,000, while the total amount of the judgment was $500,000, meaning that the punitive damages were 499 times Turner's compensatory damages. Essentially, Southern Life and Health and Perry argue that there is an acceptable mathematical ratio between compensatory damages and the proper amount of punitive damages, and that in this case that ratio has been exceeded. We reject that argument, as we have rejected it in the past.
 "[W]e have repeatedly held that punitive damages need not necessarily bear any particular relationship to compensatory damages. U-Haul Co. of Alabama v. Long, 382 So.2d 545 (Ala. 1980). We have said that decisions on punitive damages must be made on a case by case basis, and it is clear from our cases that this court is willing to uphold substantial jury awards for damages, even in excess of $1,000,000.00, when the facts warrant such an award."
Nationwide Mut. Ins. Co. v. Clay, 525 So.2d 1339, 1344
(Ala. 1987).
The only means to ensure that punitive damages awards fall within the bounds of due process imposed by the Alabama and United States Constitutions is to evaluate the facts and merits of each case according to the factors set out in Green Oil Co.
and Central Alabama Elec. Co-Op. A constitutionally permissible punitive damages award against a wealthy defendant, who engages in egregious conduct that fortuitously does little real harm but has the potential to do great harm, might involve a greater ratio of punitive damages to compensatory damages than that in this case. In contrast, a constitutionally permissible punitive damages award against a poor defendant, whose reckless conduct causes great actual harm but has little potential to cause other harm, might require a lower ratio of punitive to compensatory damages than that in this case. We find no compelling reason to set an arbitrary mathematical relationship between compensatory and punitive damages. Imposing such a relationship would inevitably result in injustice, and we decline to impose it. *Page 859 
Accordingly, we conclude that the trial court's remittitur of the jury verdict properly followed our guidelines inHammond, Green Oil Co., and Central Alabama Elec. Co-Op. and resulted in an award of punitive damages that was rationally related to punishing the wrongdoers and to deterring similar conduct in the future. It follows that the trial court's judgment complies with the due process requirements articulated in Haslip. That judgment is therefore due to be affirmed upon our reconsideration on remand.
AFFIRMED.
ALMON, SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.
MADDOX, J., concurs in the result.