As the majority correctly points out, the Supreme Court of the United States, on March 4, 1991, in Pacific Mutual LifeIns. Co. v. Haslip, ___ U.S. ___, 111 S.Ct. 1032, 113 L.Ed.2d 1
(1991), affirmed a punitive damages award as not violating the substantive due process guarantees of the United States Constitution. I was of the opinion that the Supreme Court of the United States would overturn this Court's judgment affirming the punitive damages award in Haslip, based on what individual Justices of that Court had said in other opinions involving the question of punitive damages.[3] I was wrong.
Although I am not quite sure why the Supreme Court remanded this case rather than affirming the judgment on the authority of Haslip, especially in view of the fact that we had already conducted a Haslip *Page 892 
review and had ordered a remittitur,[4] I do agree with the majority that this Court's original judgment is due to be reinstated. Consequently, I concur in the result reached.
[3] Dissenting from this Court's affirmance of the punitive damages award in Haslip, I had expressed why I thought that the Supreme Court would reverse the judgment of this Court. See my special opinion in Haslip, 553 So.2d 537, 544 (Ala. 1989).
On original deliverance in this present case, I concurred specially in affirming the judgment, but pointed out that if the Supreme Court of the United States reversedHaslip, then the judgment in this case was also due to be reversed. This Court's judgment in Haslip, of course, was not reversed. On the contrary, it was affirmed, and then this case was remanded to us for reconsideration in light of the decision of the Supreme Court in Haslip.
[4] See my special opinion in Southern Life Health Ins. Co. v.Turner, 586 So.2d 854, at 861 (Ala. 1991), another case remanded to us for reconsideration in light of Haslip. There, I expressed some of my reasons for being unsure why that case had been remanded to us rather than affirmed. In Turner, I also said the following:
 "I stated in the dissent in Pacific Mutual Life Ins. Co. v. Haslip, 553 So.2d 537, 545 (Ala. 1989) that '[w]hile I applaud the procedure this Court has adopted to review and revise the jury's decision based on its "standardless discretion," I cannot believe that procedure is sufficient to accord to litigants all the due process protection the Constitution envisions.' The Supreme Court concluded otherwise, and held that those procedures were adequate and meaningful. Post-Haslip reviews by this Court, including this one, indicate that the procedures, when actually applied, are not adequate and meaningful, as I have pointed out in dissents. In Armstrong v. Roger's Outdoor Sports, Inc., 581 So.2d 414 (Ala. 1991), this Court overturned a trial court's judgment on review of a punitive damages award and held a state statute unconstitutional, even though the constitutionality of the statute had not been raised. In Principal Financial Group v. Thomas, 585 So.2d 816 (Ala. 1991), this Court upheld a $750,000 judgment, which was 750 times higher than the compensatory damages, even though the contractual issue of the liability of the company to pay was not finally determined until the jury resolved the issue in favor of the policyholder after a trial of the case.
 "I concurred in the judgment on our original review of this case on condition the Supreme Court affirm the Haslip decision of this Court. That Court not only has affirmed that decision, but has remanded this case for reconsideration in light of Haslip.
 "While I do not read Haslip as saying all that some other members of this Court apparently seem to think it says, I was wrong in my assessment of what the Supreme Court would decide in the Haslip case, therefore, I concur in the result only."