Nedra Andrews sued her former employer, Merritt Oil Company, Inc. ("Merritt Oil"), alleging wrongful termination. Merritt Oil filed a motion for summary judgment, to which Andrews did not respond. The trial court entered a summary judgment for Merritt Oil, and Andrews appeals.
The record shows that Merritt Oil employed Andrews as a store manager in one of its convenience stores in Mobile. On four occasions during the time Andrews managed the Merritt Oil convenience store, certain sums of money were unaccounted for. There were also a number of inventory shortages. Merritt Oil dispatched E.W. Barnette, one of its sales coordinators, to question Andrews and another employee about the missing money. Both Andrews and the other employee denied taking the money. Because the two were the only store employees who had access to the money and had the opportunity to steal it, Barnette offered them the option of taking a polygraph test. Both employees consented to take the test, but before administering it, the polygraph examiner asked them to sign forms regarding the administration of the test. Andrews refused to sign the documents, and the examiner refused to allow her to take the test. The other employee signed the forms, took the test, and passed it.
Barnette thereafter met with the president of Merritt Oil and with other company officials. After reviewing the situation, they concluded that Andrews should be discharged, because the evidence indicated that she may have been responsible for the missing money. Andrews subsequently filed this action.
Andrews's employment application clearly stated that she would be holding an at-will position and that she could be terminated at any time. Moreover, her copy of Merritt Oil's "Operational Policies and Procedures Manual" contained the following provision:
 "Note to all Employees: All employment at Merritt Oil Company is terminable *Page 410 
without notice at any time. Merritt Oil Company will consider the employee's side of any dispute, but may terminate the employee at any time, under appropriate circumstances."
Under Alabama law, an employer has the right to discharge an employee for any reason, unless this right is altered by contract or by statute. Hoffman-La Roche, Inc. v.Campbell, 512 So.2d 725 (Ala. 1987). Andrews contends that her discharge was prohibited by federal statutes. First, she argues that her discharge was in violation of the Employee Polygraph Protection Act of 1988, which was enacted by Congress to prohibit employers from discharging employees for their refusal to undergo polygraph examinations in the course of their employment. However, the record shows that Andrews did not raise this issue in the lower court. This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court. Rodriguez-Ramos v. J. ThomasWilliams, Jr., M.D., P.C., 580 So.2d 1326 (Ala. 1991).
Andrews next argues that Merritt Oil discharged her because she is black, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. Under Title VII, a claimant must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged discrimination occurs. § 42 U.S.C. § 2000e-5(b). This 180-day limitations period begins to run on the date an employee is advised of an adverse employment action. Welty v. S.F. G., Inc., 605 F. Supp. 1548
(N.D.Ala. 1985). In this case, the filing period began to run when Merritt Oil notified Andrews on July 27, 1990, of her discharge. The record shows that Andrews did not file a claim of discrimination with the EEOC until March 15, 1991, 231 days after her discharge. Her claim was thus untimely, and the trial court properly determined that Merritt Oil was entitled to a judgment as a matter of law on this issue.
After reviewing the record, we hold that there is no genuine issue of material fact and that Merritt Oil was entitled to a judgment as a matter of law; accordingly, the trial court's summary judgment for Merritt Oil is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ., concur.