L. CHARLES WRIGHT, Retired Appellate Judge.
Forney A. Rasco filed a complaint in the Cullman County Circuit Court against Leo R. Whatley and Judy R. Whatley, seeking to quiet title to certain real property. Rasco alleged that he purchased the 3.13 acres in 1940 and that the Whatleys claimed title to 3/4 of an acre of his property. Rasco also filed motions for a temporary restraining order and for a preliminary restraining order. That same day, the trial court entered an order, restraining the parties and their agents from any further cutting of timber, trees, bushes, and shrubs. That order was continued in effect by an order entered on May 2,1995.
Following oral proceedings, the trial court entered a judgment, stating in pertinent part:
“1. [Rasco] acquired the property in question by warranty deed dated March 26, 1940, from S.H. and Gladys Barnett. Said deed was duly recorded in the Cull-man County Probate Office at Deed Book 113, Page 235, on April 9,1940.
“2. The [Whatleys’] predecessor in title acquired title from S.H. Barnett, single, by warranty deed dated September 3, 1975, and recorded at Deed Book 316, Page 597, in the Probate office. The [Whatleys’] predecessor, the Perrys, deeded the property to the [Whatleys] on December 29, 1994, at Deed Book 736, Page 552.
“3. The [Whatleys’] legal description sets out certain distances, which, if followed, would cause an overlap with [Ras-co’s] property. The [Whatleys’] deed however, also refers to the southwesternmost and the southeasternmost comers of [Ras-co’s] property as monuments.
“4. The property in question can only be described as an unimproved city lot, which is overgrown with trees, some of which are mature, and underbrush. It is apparent from viewing the property that no one has physically possessed the prop *781 erty in question. [Rasco] has constructive possession by way of deed. The [What-leys] and their predecessors have paid taxes on the overlap property for more than 10 years. The tax map incorrectly shows the overlap property to be part of the [Whatleys’] lot.
“Accordingly, it is,
“ORDERED AND ADJUDGED as follows:
“A. Judgment is hereby entered for [Rasco] and against the [Whatleys].”
The Whatleys filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the judgment on the ground of newly discovered evidence. The trial court denied that motion.
The Whatleys appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975. The Whatleys raise two issues on appeal: (1) whether the trial court erred in quieting title to the property in Rasco and (2) whether the trial court erred in denying their postjudgment motion.
The Whatleys argue that Rasco was not in peaceable possession at the time of the filing of his complaint and that, therefore, the trial court erred in quieting title to the property in Rasco. However, the Whatleys did not raise this issue at the trial level. “This court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (citation omitted).
The Whatleys also argue that the trial court erred in denying their motion for a new trial because, they say, an affidavit from their predecessor-in-title, Robert Perry, established his adverse possession of the property.
The grant or denial of a new trial on the ground of newly discovered evidence is within the sound discretion of the trial court, and that decision will not be reversed on appeal absent a finding of an abuse of discretion. Campbell v. Williams, 638 So. 2d 804 (Ala.1994); Welch v. Jones, 470 So.2d 1103 (Ala.1985). In order for a party to prevail on his motion for a new trial on the ground of newly discovered evidence, he or she must show that the evidence at issue:
“1. was discovered since trial;
“2. could not have been discovered with the exercise of due diligence before trial;
“3. is material to the issue;
“4. is not merely cumulative;
“5. is of such a nature that a different verdict than that already obtained probably would result if a new trial were granted.”
Welch, 470 So.2d at 1112.
Although the affidavit of Robert Perry, the Whatleys’ predeeessor-in-title, did present evidence of his alleged adverse possession of the property, the Whatleys failed to show that his testimony could not have been discovered before trial. Therefore, we cannot hold that the trial court’s denial of the What-leys’ motion was an abuse of discretion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.