L. CHARLES WRIGHT, Retired Appellate Judge.
Bruce Dempsey and Janice Dempsey originally sued Albert Parsley and Anna Parsley in the Baldwin County District Court, seeking $4,999.32 in damages. The Dempseys alleged that they had suffered damage to their condominium when the bathtubs in the Parsleys’ condominium overflowed into their unit. Following an oral proceeding, the district court entered a judgment in favor of the Dempseys in the amount of $5,000. The Parsleys filed a postjudgment motion, which was denied. The Parsleys appealed to the Baldwin County Circuit Court.
Thereafter, both the Parsleys and the Dempseys filed motions for a summary judgment. Following oral proceedings, the trial court entered a judgment on the ease action summary sheet, stating:
“[The Dempseys’] Motion for Summary Judgment Granted. Damages [assessed] at $4,735.32. [The Parsleys’] Motion for Summary Judgment Denied. Tax Court Reporter and Court Costs to [the Pars-leys].”
The Parsleys filed a motion to extend the time for appeal, alleging that they received notice of the judgment 33 days after its entry. Pursuant to Rule 77(d), Ala.R.Civ.P., the trial court granted the Parsleys a 30-day extension of time, in which to file a notice of appeal.
The Parsleys appeal, contending that the Dempseys’ complaint faded to state a claim upon which relief could be granted and that, therefore, the trial court erred in entering a summary judgment in favor of the Dempseys.
The record reveals that the Parsleys did not file a motion to dismiss in either the district court or the circuit court, nor did the Parsleys base their motion for a summary judgment on the Dempseys’ alleged failure to state a claim upon which relief could be granted. “This court cannot consider arguments raised for the first time on appeal; rather our review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (citation omitted).
Moreover, it appears from the record that the trial court heard testimony and entered its judgment on the same day. The notice of appeal shows that the Parsleys did not order a transcript of that proceeding. The rule is well settled in Alabama that where the trial court considered oral testimony in reaching its decision, and that testimony is not in the record, the testimony is presumed sufficient to support the judgment. Jones v. Jones, 603 So.2d 1109 (Ala.Civ.App.1992). Therefore, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status *389 as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.