ROBERTSON, Presiding Judge,
concurring in the result.
I write specially to note that this case presents a situation where the best practice would have been the appointment of a guardian ad litem to represent the child’s interests. Although I acknowledge that appointment of a guardian ad litem is not absolutely required by Alabama law in this ease, § 12-15-8, Ala. Code 1975, certainly provides for such an appointment. Section 12-15-8 provides
“(a) The court, at any stage of a proceeding under this chapter, may appoint a guardian ad litem for a child who is a party to the proceeding if he has no parent or guardian or custodian appearing on his behalf or their interests conflict with those of the child. A party to the proceeding or his employee or representative shall not be so appointed.
“(b) The court, in any proceeding under this chapter, shall appoint a guardian of the person for a child in any case where it finds that the child does not have a natural or adoptive parent in a position to exercise effective guardianship or a legally appointed guardian of his person. No officer or employee of a state or local public agency or private agency which is vested with legal custody of a child shall be appointed guardian of the person of the child, except when parental rights have been terminated and the agency has been authorized to place the child for adoption.”
The judgment terminating the father’s parental rights in this case, in effect, leaves the child with no father. Moreover, the record does not conclusively show that the mother’s interests and the child’s interests are identical. Had the father placed the issue of the appointment of a guardian ad litem before the trial court, the outcome of this appeal might be different.
However, the record contains no indication that the appointment of a guardian ad litem was sought or that any objection to the trial court’s failure to appoint a guardian ad litem was raised with the trial court. The law is well settled that this court will not hold the trial court in error on issues raised for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992); Campbell v. Alabama Power Co., 567 So.2d 1222 (Ala. 1990); Cauthen v. Yates, 716 So.2d 1256 (Ala.Civ.App.1998). Because the issue of the appointment of a guardian ad litem is not before the court, I concur in the result.