[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 267 
Billy J. Armstrong and Dethalie J. Armstrong ("the Armstrongs") and Loyce Savelle are coterminous landowners of land in Henry County. A fence ran roughly along the boundary line between the parties' two farms. However, at a point near a ditch, the fence diverged from the boundary line. Dale Armstrong ("Dale"), the Armstrongs' son, had the boundary line surveyed and moved the fence line to reflect the boundary as surveyed. Dale and a hired worker removed the fence posts, placed new fence posts, and put up a new fence along a line established by the survey as the boundary between the Armstrongs' property and Savelle's property.
After Dale had erected the new fence, Savelle, her brother-in-law, and a friend went to inspect the boundary line and to return the fence to its previous location. While walking along the fence line, Savelle stepped into a hole and broke her leg. Savelle's brother-in-law then retrieved his truck so that he could transport Savelle to the hospital. As they were leaving the property, Dale arrived. Although Savelle failed to mention that her leg was broken, she did inform Dale that she was on the property to put the fence back where it had previously been. Dale asked her not to remove the survey flags.
Savelle filed a complaint against the Armstrongs. Savelle's complaint alleged negligence, willful and wanton conduct, and recklessness in removing the fence that divided their respective properties and leaving the post hole in which Savelle fell and injured herself. The Armstrongs answered, denying the allegations and pleading the affirmative defenses of assumption of the risk and contributory negligence. At the conclusion of Savelle's case-in-chief, the trial judge granted the Armstrongs' motion for a judgment as a matter of law ("JML"), pursuant to Rule 50, Ala. R. Civ. P., on the basis that he "had difficulty in making the agency jump the whole way." Savelle timely filed her appeal to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
 "In light of the fact that the relationship between agency and respondeat superior is often confused, we do believe that a comment on that relationship is appropriate. The distinction between the law of agency and the law of respondeat superior is subtle.
 "`The general rule that a principal is liable for the torts of his agent is not grounded on agency principles. This is evident from the holdings that a principal may be held for his agent's *Page 268 
tort committed in the course and scope of the agent's employment even though the principal does not authorize, ratify, participate in, or know of, such misconduct, or even if he forbade or disapproved of the act complained of. Fundamentally, there is no distinction to be drawn between the liability of a principal for the tortious act of his agent and the liability of an employer or master for the tortious act of his employee or servant. In both cases, the tort liability is based on the employer and employee, rather than any agency, principle; the liability for the tortious act of the employee is grounded upon the maxim of "respondeat superior" and is to be determined by considering, from a factual standpoint, the question whether the tortious act was done while the employee, whether agent or servant, was acting within the scope of his employment.'"
Southern Life Health Ins. Co. v. Turner, 571 So.2d 1015, 1018
(Ala. 1990), judgment vacated on other grounds, 500 U.S. 901,111 S.Ct. 1678, 114 L.Ed.2d 73 (1991), affirmed on remand,586 So.2d 854 (Ala. 1991) (quoting 3 Am.Jur.2d Agency § 280 at 783 (1986)).
When reviewing a ruling on a motion for a JML, this Court uses the same standard the trial court used initially in deciding whether to grant or deny the motion for a JML. Palm HarborHomes, Inc. v. Crawford, 689 So.2d 3, 8 (Ala. 1997). In deciding whether a JML is appropriate, a court must determine whether the nonmovant has presented sufficient evidence to allow the case to be submitted to the jury for a factual resolution. Carter v.Henderson, 598 So.2d 1350, 1353 (Ala. 1992). The nonmovant must have presented substantial evidence in order to withstand a motion for a JML. See § 12-21-12, Ala. Code 1975; West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury.Carter, 598 So.2d at 1353.
 "In reviewing a ruling on a motion for a JML, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. [Carter v. Henderson, 598 So.2d 1350 (Ala. 1992)]. Regarding a question of law, however, this Court indulges no presumption of correctness as to the trial court's ruling. Ricwil, Inc. v. S.L. Pappas Co., 599 So.2d 1126 (Ala. 1992)."
Waddell Reed, Inc. v. United Investors Life Ins. Co.,875 So.2d 1143, 1152 (Ala. 2003).
On appeal, the Armstrongs argue for the first time that Savelle failed to properly plead a basis for their vicarious liability for Dale's actions. At trial, however, the Armstrongs did not object to any of the evidence relating to their vicarious liability for Dale's actions — i.e., the evidence indicating that the Armstrongs were liable for Dale's actions on the basis of respondeat superior. Further, this contention was not raised in the Armstrongs' motion for a JML. Our Supreme Court has recently held that a "[s]ummary judgment cannot be entered against the nonmoving party on the basis of a failure of that party's proof unless the motion for summary judgment has challenged that failure of proof." Turner v. Westhampton Court, L.L.C.,903 So.2d 82, 87 (Ala. 2004). Further, "[t]his court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the *Page 269 
trial court." Andrews v. Merritt Oil Co., 612 So.2d 409, 410
(Ala. 1992).
The issue of the Armstrongs' vicarious liability was, essentially, tried by the consent of the parties. Rule 15(b), Ala. R. Civ. P. There was testimony that Dale ran the Armstrongs' farm because his father was no longer able to do so. There was testimony from both Billy J. Armstrong and Dale that Dale needed permission to move the fence and to make other decisions regarding the farm. Dale testified that he had to get his father's signature before mortgaging the property to obtain funds to build chicken houses. Additionally, there was testimony that Dale did not fill in all of the fence-post holes when he moved the fence. Savelle presented sufficient evidence from which a reasonable jury could infer that Dale was the Armstrongs' servant and that he was acting within the line and scope of his employment as such. See John Deere Constr. Equip. Co. v.England, 883 So.2d 173 (Ala. 2003); Wood v. Shell Oil Co.,495 So.2d 1034 (Ala. 1986).
Savelle presented sufficient evidence for a jury to find that her injury was the proximate result of Dale's removing the fence posts. See Carter v. Henderson, supra; Wood v. Shell Oil Co., supra. Dale admitted that he removed a number of posts from the original fence line. Dale admitted that he did not fill in some of the original post holes after removing the posts. Savelle offered photographic evidence of the location of a large pole and the hole resulting from its removal. Savelle testified that she had fallen into that hole and broken her leg. Savelle's brother-in-law corroborated her testimony. Savelle's brother-in-law also testified that the large pole was a range post or gate post and that it had been part of the original fence. Dale denied moving the large pole and denied that it had been part of the original fence. Because Savelle produced substantial evidence creating a factual dispute requiring resolution by the jury, the trial court erred in granting a JML in favor of the Armstrongs. See Carter, 598 So.2d at 1353.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.