On Application for Rehearing

MOORE, Judge.
This court’s opinion of January 28, 2011, is withdrawn, and the following is substituted therefor.
Oden Music, Inc., and Jason D. Oden (“the defendants”) appeal from an order of the Etowah Circuit Court (“the trial court”) denying their motion to compel First Baptist Church of East Gadsden (“the church”) to arbitrate its claims against the defendants. We affirm.

Facts and Procedural History

On March 12, 2010, the church filed a complaint against the defendants alleging that it had entered into a contract with the defendants, pursuant to which the church had agreed to pay the defendants $34,662 for the “replacement, repair, upgrade and/or installation of various musical, audio, and video equipment.” The church alleged that it had overpaid the defendants $17,383 and that the defendants had refused to refund the total amount of the overpayment. The church further alleged that the defendants had failed to meet their obligations under the contract and had committed fraud by representing that they would replace the church’s damaged organ with a new organ when, in fact, they merely repaired and refinished the church’s damaged organ.
On April 21, 2010, the defendants filed a motion to stay the action pending arbitration; they also moved to compel arbitration. The defendants alleged that the claims asserted by the church were subject to an arbitration agreement, that the repairs to be made required the purchase and installation of parts manufactured outside the State of Alabama, and that Oden Music competes in an interstate market for the sale and repair of Hammond organs. The factual allegations in the motion were verified by Oden.
On May 7, 2010, the trial court held a hearing on the defendants’ motion to compel arbitration. At the hearing, the church conceded that the contract had some nexus with interstate commerce. The church, however, argued that Chris Taylor, the church’s administrative assistant whose signature appeared on the arbitration agreement, denied signing the agreement, *1240 and the church contended that the defendants had forged certain documents. At the conclusion of the hearing, the trial court allowed the parties 14 days to file briefs in support of their positions.
On May 21, 2010, the church filed its brief in opposition to the defendants’ motion to compel arbitration, arguing that the arbitration agreement was invalid. Specifically, the church argued that Taylor denied signing the agreement. The church also pointed out that the arbitration agreement was dated March 14, 2008, the same date a proposal the defendants had made to the church was dated, and that the church leadership had not approved the proposal until March 16, 2008. Finally, the church argued that certain documents relating to the parties’ contract were indicative of forgery, specifically, an undated sales invoice, a sales invoice dated April 2, 2008, and a representation agreement dated March 14, 2008. The church stated:
“The two sales invoices ... are obvious forgeries in that there are many handwritten sections of the two documents that are identical. If you overlay the two documents it becomes obvious that handwriting in the ‘Sold To’ box and the majority of the first line of the ‘Description’ box (‘PA Equipment & Keyboards’) are identical. More importantly, the signatures at the bottom of each of the documents are identical and each of the signatures appears at exactly the same place on the signature lines. There is no possibility of two documents executed sixteen days apart to have this many identical features. One or both of these documents have been altered and/or copied from some other document.
“The Representation Agreement ... that was presented to the [church] is an altered copy. The document that was given to [the church] by the Defendants] is a photocopy. On the photocopied document the title of ‘admin, asst.’ is written in black ballpoint pen beside the signature on the ‘Buyer’ line.
“The [church] has attached a photocopy of the Representation Agreement. ... The [church] is willing to produce the original document for inspection should either the Court or the Defendants] desire to see the alteration as described above. The alteration is not clearly visible on the photocopy attached ....
“The Representation Agreement states:
“ ‘[The church] agrees that [the church] has had an opportunity to inspect the organ/PA set [The church] further agrees that no representation has been made to [the church] by [the defendants] nor its agents with regard to age of previous use of said equip. All warranties ... shall be made expressly in writing by separate document entitled Warranty. No other warrantyfies) are made whether expressed o[r] implied.’
“The date on the Representation Agreement is March 14, 2008. This is the same date as the proposal.... It is wholly illogical for the [church] to have signed an agreement acknowledging the receipt of equipment on the same day as the proposal.... ”
The church attached an affidavit of Chris Taylor, in which he states:
“On March 14, 2008, Jason Oden presented a proposal to the [church] for the replacement of various electronic and musical equipment at the Church....
“The proposal was discussed at a church meeting on March 16, 2008. At the meeting, a vote was taken to accept the proposal of Oden Music....
“I was never presented with any arbitration agreement on March 14, 2008. I *1241 have never signed any arbitration agreement as a representative of the [church], I did not sign the document titled ‘Arbitration or Disputes Agreement’ that is dated March 14, 2008 ....
“I have had past dealings with Oden Music in an individual capacity, and may have signed an arbitration agreement as an individual at some point prior to March 14, 2008. However, I have never signed an arbitration agreement in my capacity as Administrative Assistant for the First Baptist Church of East Gadsden.
“The [undated sales invoice] appears to be a document that I signed, but it has been significantly altered after I signed the document. When I signed the document, it was simply a receipt for equipment that was loaned to the Church. Only the first line was filled out in the ‘Description’ box which said ‘PA Equipment & Keyboards.’
“The [sales invoice dated April 2, 2008,] was never presented to me, nor did I ever sign this document.
“The [Representation Agreement dated March 14, 2008,] was never presented to me, nor did I ever sign this document.”
The church also attached a copy of the minutes of a March 16, 2008, meeting, reflecting that the church had voted to accept the defendants’ proposal on that date; a copy of the undated sales invoice; a copy of a sales invoice dated April 2, 2008; and a copy of a representation agreement dated March 14, 2008.
On June 21, 2010, the trial court denied the motion to compel arbitration. The defendants filed their notice of appeal to the Alabama Supreme Court on July 27, 2010; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.

Standard of Review

“In reviewing a trial court’s refusal to compel arbitration, [the appellate court’s] review is de novo. This Court has held that a trial court’s ruling on a question of law is not within the trial court’s discretionary function; therefore, rulings on these motions are subject to de novo review. A de novo review is a review without any assumption of correctness.”
Kenworth of Dothan, Inc. v. Bruner-Wells Trucking, Inc., 745 So.2d 271, 273 (Ala.1999).

Discussion

On appeal, the defendants argue that the church did not meet its burden of proving that Taylor did not sign the arbitration agreement.
“A motion to compel arbitration is analogous to a motion for a summary judgment. The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract involves a transaction affecting interstate commerce. Once such a prima facie showing has been made, the burden shifts to the party opposing arbitration to present some evidence indicating that there is no arbitration agreement subject to specific enforcement under the [Federal Arbitration Act, 9 U.S.C. § 1 et seq.]. If the party opposing arbitration presents sufficient evidence to create a fact question as to the existence of a valid arbitration agreement, then the issue must be resolved by the trial court or by a jury, if one is requested.”
Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala.1999) (citation omitted).
In Walter Industries, Inc. v. McMillan, 804 So.2d 1081 (Ala.2001) (plurality opinion), the defendants appealed to the Alabama Supreme Court following the *1242 Jefferson Circuit Court’s denial of their motions to compel arbitration. 804 So.2d at 1082. The defendants had filed motions to compel arbitration in the circuit court, alleging that the McMillans had signed an agreement to arbitrate their claims against them. In response to the motions to compel arbitration, the McMillans had filed affidavits in which they stated that they had refused to initial a contractual paragraph containing an arbitration agreement and that they had refused to sign a separate arbitration agreement. The McMil-lans noted that the initials corresponding with the paragraph containing the arbitration agreement were different than the initials that they had used in executing related contract documents. “The trial court found that the ... contract ‘was taken back to the office and pages were substituted containing, among other things, the arbitration provision,’ going on to observe that ‘forgery is a serious issue in this case.’ ” 804 So.2d at 1086. Noting that its review was under an “ ‘abuse-of-discretion standard,’ ” a plurality of the Alabama Supreme Court held that, “[g]iv-en the sparse support the defendants provided for their motions to compel arbitration, and the McMillans’ affidavits stating that ... they specifically refused to sign the [paragraph containing the] arbitration provision ..., we conclude that the trial court did not abuse its discretion in denying the defendants’ motions to compel arbitration.” Id. We note that, in Hales v. ProEquities, Inc., 885 So.2d 100 (Ala.2003), the supreme court made it clear that the abuse-of-discretion standard of review, which was the standard it used in Walter Industries, supra, was inapplicable to appeals from the grant or denial of a motion to compel arbitration and that the de novo standard of review was, instead, the proper standard to be applied. Thus, as we previously noted, we will review this appeal using the de novo standard of review.
In the present case, the defendants presented “sparse support ... for their motion[ ] to compel arbitration.” Walter Indus., 804 So.2d at 1086. In response to the motion to compel arbitration, the church filed a brief, along with an affidavit signed by Taylor, in which he specifically denied signing the arbitration agreement.[1] Further, the church presented evidence indicating that other documents connected to the transaction also had been forged. After the church filed its brief arguing that the arbitration agreement and other documents had been forged, the defendants failed to present any evidence or arguments in response. Only in their brief to this court have the defendants, for the first time, proffered an explanation for the variation in the two sales invoices that appear, in some respects, to be identical. “This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). For the first time on appeal the defendants also argue that the church’s admissions in its complaint that it had improperly attempted to deposit an insurance check without the check being properly endorsed and that it had written a check to the defendants without having sufficient funds in the bank to cover the *1243 check somehow balanced out the alleged forgery on the part of the defendants. Again, this court will not consider that argument because it was not raised before the trial court. Andrews, 612 So.2d at 410.[2] Considering de novo only the evidence and arguments that were before the trial court, we conclude that the church met its burden of proving that Taylor did not sign the arbitration agreement.
The defendants cite several cases in support of their contention that the church did not sufficiently prove that Taylor did not sign the arbitration agreement. In two of the cases cited by the defendants — Prevost v. Burns International Sec. Servs. Corp., 126 F.Supp.2d 439, 441-42 (S.D.Tex.2000), and Colonial Bank of Alabama v. Coker, 482 So.2d 286 (Ala.1985) — the courts held that there was a factual issue as to whether the pertinent signature was valid and, thus, that the issue should be decided at an evidentiary hearing. See also Ex parte Compass Bank, 727 So.2d 791 (Ala.1998) (Hooper, C.J., dissenting). In this case, however, the defendants did not request an eviden-tiary hearing on their motion to compel arbitration, nor did they object to the trial court’s deciding the forgery issue based solely on the briefs, the evidence submitted in support of the briefs, and the arguments of the parties. As previously noted, “[t]his Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” Andrews, 612 So.2d at 410. Accordingly, we cannot hold the trial court in error for failing to conduct an evidentiary hearing to resolve -the factual issues regarding the documents and the signatures.
The remaining cases cited by the defendants do not alter our decision. In Gregory v. Interstate/Johnson Lane Corp., 188 F.3d 501 (4th Cir.1999) (table), an unpublished opinion cited by the defendants, the appellate court simply reversed the judgment and remanded the cause for the trial court to determine whether the alleged signatory to the arbitration agreement had signed or was otherwise bound by the agreement to arbitrate. Because the trial court in this case has already made that determination, we find no need to remand the case as the court did in Gregory. Lewis v. State, 437 So.2d 642, 644 (Ala.Crim.App.1983), holds that a jury may decide a disputed factual issue regarding whether a party signed a waiver of rights; however, that case does not mandate a jury determination when a party acquiesces to the trial court’s deciding the issue based solely on affidavits, arguments, and briefs, as happened in the present case. Zajac v. Zajac, 49 Ala.App. 637, 640, 275 So.2d 154, 156 (Civ.App.1972), concerned solely the doctrine of res judicata, which is inapplicable to the present case. White v. Massachusetts Mutual Life Insurance Co., 275 Ala. 581, 585, 157 So.2d 6, 10 (1963), could be construed as allowing a trial court to determine from a handwriting comparison whether a person signed a document, but it does not mandate that the trial court in this case had to decide in favor of the defendants on that issue. Cornejo v. Spenger’s Fresh Fish Grotto, [Ms. C 09-05564 MHP, May 17, 2010] (N.D.Cal.2010) *1244 (not reported in F.Supp.2d), likewise allows a trial court to use a handwriting expert to determine a forgery issue, but it does not require it to do so.
Based on the foregoing, we conclude that the trial court properly denied the defendants’ motion to compel arbitration.
The defendants also argue that the trial court erred to the extent that it relied on the church’s assertion that Taylor was not authorized to sign an arbitration agreement and to the extent that it relied on a finding that the arbitration agreement could be severed from the rest of the contract. In light of our conclusion that the trial court could have properly found that Taylor’s signature on the arbitration agreement had been forged, we pretermit discussion of those arguments.

Conclusion

Based on the foregoing, we affirm the trial court’s order denying the defendants’ motion to compel arbitration.
APPLICATION OVERRULED; OPINION OF JANUARY 28, 2011, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. In Ragone v. Atlantic Video at Manhattan Ctr., (No. 07 Civ. 6084, August 29, 2008) (S.D.N.Y.2008) (not reported in F.Supp.2d), and Dassero v. Edwards, 190 F.Supp.2d 544 (W.D.N.Y.2002), cited by the defendants in support of their position, the alleged signatory in each case failed to categorically deny signing the arbitration agreement. In the present case, however, Taylor denied signing the arbitration agreement, so we find those cases distinguishable.

. The defendants argue that, because our standard of review is de novo, we can consider arguments raised for the first time on appeal. We note, however, that the defendants cite no law in support of their position and that this court has previously held in cases in which the standard of review was de novo that arguments could not be raised for the first time on appeal. See Simmons v. Carwell, 10 So.3d 576 (Ala.Civ.App.2008) (plurality opinion); see also Ladas Land & Dev., Inc. v. Metritt & Walding Props., L.L.P., 978 So.2d 55, 59-60 (Ala.Civ.App.2007).