MURDOCK, Justice.
Teddy Lee Knox filed a motion to suppress evidence in the form of marijuana seized during a traffic stop. The DeKalb Circuit Court granted the motion on the ground that there was not reasonable suspicion for the search. The State appealed; the Court of Criminal Appeals reversed thé judgment on a ground not raised in the circuit court: that Knox was no longer being detained at the time the search was executed.
This Court granted certiorari review on the ground that the Court of Criminal Appeals’ decision conflicts with the caselaw regarding the issue whether a party may present a new legal question or issue on appeal.

I. Facts and Procedural History

In August 2011, Knox was driving north on Interstate 59 in Fort Payne. Officer Matt Wilson of the Fort Payne Police Department stopped Knox’s vehicle for improper lane use. During the stop, Officer Wilson became suspicious that Knox might be transporting drugs, and he requested backup from Officer Tony Blackwell, who was a member of the county drug task force and who had his drug-detection dog with him. Lt. Randy Garrison, another member of the drug task force, was also en route to the scene.
Officer Wilson eventually issued a warning citation to Knox and told him that he was free to go, but he continued to question Knox about his travel plans. Lt. Garrison and Officer Blackwell arrived at some point during the questioning of Knox.[1] After Officer Blackwell arrived with his dog, Officer Wilson asked Knox if he would consent to a search of his vehicle. Knox refused to consent, and Officer Blackwell then deployed his dog to perform a free-air sniff.[2] The dog “indicated” on the vehicle for the odor of marijuana, and the police eventually searched the vehicle and discovered marijuana. The police seized in excess of 2.2 pounds of marijuana and arrested Knox for trafficking in marijuana, unlawful possession of marijuana, and first-degree unlawful possession of drug paraphernalia.
Knox filed a motion to suppress the evidence of the marijuana seized during the traffic stop. After an evidentiary hearing, the circuit court entered-a-.written order granting the motion to suppress. *1215 The court enumerated nine factors upon which Officer Wilson based his reasonable suspicion that Knox was engaged in criminal activity involving drugs. The court found that “neither the [nine] individual factors nor the totality of those factors provided the officer sufficient reasonable suspicion to detain Knox beyond the point in time when the officer gave Knox the warning citation and told him he was free to go.” The circuit court granted Knox’s motion to suppress. The State appealed.
In a per curiam opinion issued on May 2, 2014, the Court of Criminal Appeals reversed the circuit court’s order granting Knox’s motion to suppress and remanded the case. State v. Knox, 201 So.3d 1203 (Ala.Crim.App.2014).[3]
The main opinion of the Court of Criminal Appeals noted the circuit court’s findings arid conclusions, but did not decide whether the totality of the circumstances was sufficient to provide reasonable suspicion for a search of Knox’s vehicle. Instead, the Court of Criminal Appeals reversed the order on a different ground, which the State raised for the first time on appeal, i.e., that Knox was no longer being detained for the traffic stop at the time of the search by the drug-detection dog.[4]
Knox argued to the Court of Criminal Appeals that the State’s argument that he was not being detained at the time of the search by the drug-detection dog was not preserved for appellate review. The Court of Criminal Appeals addressed issue preservation in a footnote in its opinion as follows:
“Although the "State did not raise this specific argument below, ‘we review the circuit court’s application' of the law to the facts in this case de novo.’ State v. Pollard, 160 So.3d 826, 831 n. 3 (Ala.Crim.App.2013). Because this argument is based on facts ‘squarely presented to the circuit court, the argument is properly before this Court-for review.’ Id.”
201 So.3d at 1207 n. 1.
Judge Joiner concurred specially and discussed the holdings of State v. Pollard, 160 So.3d 826 (Ala.Crim.App.2013), and Ex parte Jenkins, 26 So.3d 464 (Ala.2009), regarding the principle that on appeal an appellant may not raise a new question of law but may offer an “ ‘additional “precise reason”’” for reversing the decision below. 201 So.3d at 1212 (quoting Jenkins, 26 So.3d at 473 n. 7). Judge Joiner concluded that the State’s argument in this case was not a new question of law, but was an additional reason. Significantly, the main opinion of the Court of Criminal Appeals does not cite or discuss Jenkins.
Presiding Judge Windom dissented, citing her dissent in Pollard. 201 So.3d at 1213. In her dissent in Pollard, Judge Windom stated that the Court of Criminal Appeals’ holding that de novo review excuses a waiver of an argument presented for the first time on appeal confuses de novo review with preservation of issues for *1216 appellate review and concluded that, “regardless of whether appellate review is for abuse of discretion or de novo, a party-seeking to have a circuit court’s decision overturned must have properly preserved the argument upon which it seeks relief on appeal.” Pollard, 160 So.3d at 835 (Windom, P.J., dissenting).
This Court granted certiorari review regarding the asserted conflict between the Court of Criminal Appeals’ decision and Jenkins regarding the principle that new arguments may not be raised for the first time on appeal.

II. Standard of Review

‘“This Court reviews pure questions of law in criminal cases de novo.’ ” Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

III. Analysis

Before discussing the asserted conflict with Jenkins, we note the long-established principle of issue preservation:
“[I]t is a well-settled rule that an appellate court’s review is limited to only those issues that were raised before the trial court. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992).... Issues raised for the first time on appeal cannot be considered. Andrews, supra.... However, ‘[t]he rule requiring adherence to the theory relied on below ... does not mean the parties are limited in the appellate court to- the same reasons or arguments advanced in the lower court upon the matter or question in issue.’ Home Indemnity Co. v. Reed Equipment Co., 381 So.2d 45, 50 (Ala.1980).”
Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala.1994).[5]
Jenkins did not abolish this principle, but merely addressed its application. Jenkins stated that the rule of issue preservation “generally prevents an appellant from raising on appeal a question or theory that has not been preserved for appellate review, not the provision to a higher court of an additional specific reason or authority for a theory or position asserted by the party in the lower court.” Jenkins, 26 So.3d at 473 n. 7. As discussed later in the opinion, Jenkins provides no support for the notion expressed in Pollard that, if a case is subject to de novo review, the appellate court may consider any argument (whether or not presented to the circuit court) that is based on “fact[s] ... squarely presented to the circuit court.” Pollard, 160 So.3d at 831 n. 3.
In Jenkins, the trial court determined that a search warrant was invalid because it was not supported by probable cause and because it did not sufficiently describe the items to be seized. On appeal, the Court of Criminal Appeal's reversed the *1217 trial court’s order. This Court granted certiorari review to examine the sufficiency of the description in the warrant of the items to be seized.
Before this Court, the State offered an additional reason, not previously offered, as to why the description of the items to be seized was sufficient, i.e., that “drugs,” the term used in the warrant, and marijuana, not specifically mentioned in the warrant as an item to be seized, would be found in the same types of places, thus reducing the risk that an inadequate description of the object would permit a general exploratory search. This Court held that the warrant sufficiently described the items to be seized and concluded as follows as to issue preservation:
“In the present case, the question whether the language of the warrant describing the object of the search was specific enough to satisfy the ‘thing-to-be-seized’ requirement within the so-called ‘particularity clause’ of the Fourth Amendment to the United States Constitution has existed throughout. ... The trial court’s order analyzed the issue in-depth' and concluded that the language of the warrant did not satisfy the particularity clause of the Fourth Amendment.... The State, by its citation to this Court of the Montana and South Carolina Supreme Court cases quoted in the text, is simply giving- this Court the benefit of an additional ‘precise reason’ and authority as to why, as a matter of law, the trial court wrongly decided this issue.”
Jenkins, 26 So.3d at 474 n. 7 (emphasis added).
■ Jenkins did not alter the general principle of issue preservation; it merely allowed an appellant to provide additional precise reasons and authorities in support of a theory or position properly raised below[6] Jenkins does not support the notion that a new theory may be presented on appeal merely in support of the broad claim that the trial court erred.
. In Jenkins, the question before the trial court was whether the warrant was sufficiently specific when it described the object of the search as “drugs,” without specifically listing marijuana. The similarity in possible hiding places provided an additional precise reason the description was sufficient, not an entirely new legal theory justifying the search on some other basis.
In applying the holding and rationale of Jenkins to the present case, the dispositive issue is whether the existence of “reasonable suspicion” is a different question or a different theory than an “absence of detention.” We conclude that it is a different question, not merely a new argument or reason relating to the question presented to the circuit court. Reasonable suspicion and absence of detention involve different legal issues, different rules and authorities, examination of different factual issues,[7] a different focus (observations of the officers versus the under *1218 standing of the motorist), and, in this case, different time frames (before versus after a -warning citation is given).
Although Jenkins is directly on point as to the question of issue preservation, the main opinion of the Court of Criminal Appeals in this case did not cite or discuss Jenkins itself.[8] Instead, the court’s opinion relied on statements from Pollard regarding a different principle: that, if a case is to be reviewed de novo, the appellate court may consider arguments based on facts squarely presented below, whether or not those arguments were presented to the trial court. ' Aside from Pollard, the main opinion below does not cite any authority supporting the notion that de novo review permits the consideration by an appellate court of legal questions not presented to the trial court. The stated notion is not a correct statement of law and, in fact, is contrary to well settled law in this area.'
Among the countless Alabama cases that have articulated the correct standard of law is Beavers v. County of Walker, cited at the outset of this, analysis. As noted, this Court stated in Beavers:
“[I]t is a well-settled rule that an,appellate court’s review is limited to only those issues that were raised before the trial court. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992).... Issues raised for the first time on appeal cannot be considered. Andrews, supra....”
645 So.2d at 1372.
The well settled rule as stated-in Beavers and other cases—see, e.g., the cases cited supra note 5—admits of no exception for cases in which legal issues, or the application of legal principles to undisputed facts, are considered de novo by the appellate court. Indeed, many of the most often cited cases for the principle of issue preservation involve de novo review by appellate courts of a legal issue, or application of the principle governing it, in relation to a summary judgment or an order addressing a motion to dismiss. See, e.g., Rodriguez-Ramos v. J. Thomas Williams, Jr., M.D., P.C., 580 So.2d 1326 (Ala.1991) (summary judgment); Marks v. Tenbrunsel, 910 So.2d 1255 (Ala.2005) (statutory immunity; motion to dismiss); and Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992) (summary judgment).[9]
The above-stated principle of. issue preservation is rooted in fundamental due-process concerns regarding notice and the opportunity to be heard. In this case, it is likely that the State’s failure to raise the absence-of-detention argument before the circuit court may have deprived Knox of an opportunity to present evidence in opposition to that theory. The primary focus of the suppression hearing was the existence of reasonable suspicion, which was based largely on the police officers’ observations. Had the State raised the absence-of-detention argument in the circuit court, it is possible that Knox might have chosen to present evidence as to (1) whether he felt free to leave the scene after he was given his warning citation and (2) whether there was a showing of authority *1219 sufficient to constitute a detention. By-failing to raise this new issue at trial, the State deprived Knox of an opportunity to present evidence and to make arguments. The State’s failure to raise the issue also deprived the circuit court of the opportunity to make factual findings and credibility determinations on this issue.[10]
We conclude that the State raised a new legal question or issue when it argued for the first time on appeal that Knox was not being detained at the time of the canine search of his vehicle that yielded the marijuana.

IV. Conclusion

Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals and remand the case for further proceedings consistent with this opinion, including consideration of any issue pretermitted in that court’s opinion of May 2, 2014.
REVERSED AND REMANDED.
MOORE, C.J., and PARKER, MAIN, and BRYAN, JJ., concur.
SHAW, J., concurs in the result. ■
STUART, BOLIN, and WISE, JJ., dissent.

. It is not clear from the record whether the other officers arrived before or after Knox was given a citation and was told that he was free to go.

. The record, does not disclose how. much time elapsed between the warning citation and the deployment of' Officer Blackwell’s dog. The circuit court noted that the drug-detection dog was deployed before Knox had been given an opportunity to reenter his vehicle.

. Judge Kellum and Judge Burke concurred. Judge Joiner concurred specially, with an opinion. Presiding Judge Windom dissented, with an opinion. Judge Welch dissented, without an opinion.

. Specifically, the State contended that Knox had been given his warning citation and had been told that he was free to go and that there was no showing of authority restricting Knox’s ability to leave the scene. The princi-pie case on which the Court of Criminal Appeals relies with respect to a show of authority is Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), a case not cited by the State in its brief to this Court. We also note that the circuit court made no findings as to whether there was a showing of authority necessary to constitute a detention, and we note that there is essentially no evidence in the record as to this point.

. See also, e.g., Allsopp v. Bolding, 86 So.3d 952, 962 (Ala.2011) (“It is well settled that an appellate court may not hold a trial court in error in regard to theories or issues not presented to that court.’1); Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (noting that an appellate court may affirm a judgment on any valid legal ground, but “will not reverse the trial court’s judgment on a ground raised for the first time on appeal"); Biddie v. State, 516 So.2d 846, 847 (Ala.1987) (noting that Rule 45B, Ala. R.App. P., abolished tlae requirement of Ala.Code 1975, § 12-22-240, that the Court of Criminal Appeals "search the record" for error in cases other than death-penalty cases, and reiterating that appellate review is not permitted as to questions not properly raised in the trial court); Defore v. Bouijois, Inc., 268 Ala. 228, 230, 105 So.2d 846, 847 (1958) ("We cannot put a trial court in error for failure to rule on a matter which ... was not presented to, nor decided by [it]-”); Lunsford v. Dietrich, 93 Ala. 565, 572, 9 So. 308, 311 (1891) ("[W]e cannot put [a trial court] in error for failing to rule on a matter which has never been presented for [its] decision or decided by [it].”).

. In its brief to this Court, the State incorrectly asserts that Jenkins allows a party to provide the appellate court with additional reasons "as to why the trial court’s decision was erroneous,” respondent's brief at 8, or "as to why the trial court's decision was wrong." Id. at 9 and 19. That assertion is too broad and is inconsistent with the principles of issue preservation and with Jenkins. To the contrary, the additional reasons must be offered in support of a theory, issue, or position presented to the trial court, not merely in support of a new theory as to why the trial court erred.

. Among other things, the circuit court did not make any findings as to whether there had been a “showing of authority” or whether Knox felt free to leave the scene after the warning Citation was issued.

. Jenkins is cited only in the special concurrence authored by Judge Joiner, which was not joined by any other judge.

. See also Oden Music, Inc. v. First Baptist Church of East Gadsden, 72 So.3d 1238, 1242-43 n. 2 (Ala.Civ.App.2011):
"The defendants argue that, because our standard of review is de novo, we can consider arguments raised for the first time on appeal. We note, however, that the defendants cite no law in support of their position and that this court has previously held in cases in which the standard of review was de novo that arguments could not be raised for the first time on appeal.”
(Emphasis added.)

. We note that Judge Joiner's special concurrence and the State’s brief to this Court suggest that it was undisputed that Knox consented to any: prolonging of the detention after the warning citation had been issued.. We do not find that fact to be undisputed. The circuit court noted that the request for Knox to remain and to answer questions “Was made in the presence of three police officers (and a canine unit) and before Knox was given the opportunity to reenter his car. Given these circumstances, Knox may or may not have considered his decision to remain consensual.” In any event, had the absence-of-detention argument been raised by the State, Knox would have had an opportunity to present evidence and to make arguments, and the circuit court could have made findings regarding that issue.