JOINER, Judge,
concurring specially.
I agree with this Court’s decision to reverse the circuit court’s judgment granting Teddy Lee Knox’s motion to suppress evidence seized during a traffic stop. I write specially to address any implication in the main opinion that the Alabama Supreme Court’s decision in Ex parte Knox, 201 So.3d 1213 (Ala.2015), which reversed this Court’s decision in State v. Knox, 201 So.3d 1203 (Ala.Crim.App.2014) (“Knox I”), also overruled this Court’s.decision in State v. Pollard, 160 So.3d 826 (Ala.Crim.App.2013).
Other than a cursory statement in note 1 that included a citation to Pollardj this Court’s decision in Knox I included no analysis of whether the argument on which the circuit court was reversed was properly before this Court. The Supreme Court, after noting the dearth of analysis on the issue in Knox I, appears to have assumed that note 1 in Knox I accurately summarized Pollard, and the Court disavowed the notion expressed in note 1.1 wrote specially in Knox I and attempted to explain why I thought the argument on which the Court was reversing the judgment of the circuit court was properly before us and was consistent with Pollard and the Supreme Court’s decision in Ex parte Jenkins, 26 So.3d 464 (Ala.2009), on which Pollard was based. Ultimately, I thought that the State’s argument merely presented an additional reason to reverse the circuit court, not a new question of law. Although a majority of the' Supreme Court disagreed, with that conclusion, it did not overrule the cases on which the conclusion was based (i.e., Jenkins, supra; Pollard, supra).
In retrospect, it was unnecessary for this Court in Knox '1 even to consider whether the State’s argument was properly before us under Pollard (and, by implication, Jenkins), As the Alabama Supreme Court noted in its opinion in Ex parte Knox, “[t]he primary focus of the suppression hearing was the existence of reasonable suspicion, which' was based largely on the police officers’ observations.” Ex parte Knox, 201 So.3d at 1218. In Pollard, this Court used the Jenkins approach to avoid unnecessarily deciding a question of first impression: Whether an •automatically generated e-mail from a state-maintained database was analogous to an anonymous tip. See Pollard, 160 So.3d at 832-33 & n. 4. In Knox I, however, we were not presented with a question of first impression (as illustrated in the Court’s opinion today), and any holding based on Jenkins-Pollard should have been, at most, an alternative one.